## No. 1196.

LEHMAN, ABRAHAM & CO. VS. A. T. WORLEY, ADMINISTRATOR.

The law makes it the imperative duty of administrators of successions to see to and provide for the payment of succession debts, and, when necessary, to provoke the sale of the property, movable and immovable, for that purpose.

This duty cannot be paralyzed by the mere judicial denial by an heir that the debts acknowledged by the administrator are truly due.

In order to restrain the execution of an order of sale provoked to pay debts, an heir must not merely allege, but prove, that the debts do not exist.

The law does not forbid the sale of succession property in the summer time, and the probate judge having, in the exercise of his discretion ordered the sale, we have no authority, on such ground, to interfere.

APPEAL from the Sixth District Court, Parish of Morehouse. *Ellis*, J.

*R. B. Todd, Jr.*, for Plaintiffs and Appellants.

*Bussey & Naff* for Defendant and Appellee:

1. When a succession owes debts and there is no cash with which to pay them, it is proper for the administrator to present a list of allowed debts to the Court and obtain an order to sell property to pay debts. 15 Ann. 641; 28 Ann. 296, 633; 33 Ann. 344; 33 Ann. 466; C. C. 1668, 1670.

2. Money being scarce, or the market being dull, is no legal reason why a sale of succession property to pay debts should be enjoined by a residuary heir; the sale must be made when the necessity for it occurs, regardless of the condition of the market.

3. When a succession undergoing administration is appraised at $6000, and owes debts to near, if not exceeding its value, and a residuary heir to one-fourth of this estate owes it $4500 and has nothing with which to pay it, he (or the purchaser of his residuary interest) has, in fact, no pecuniary interest in the estate and is not justified in enjoining a sale of the estate property to pay debts, because the market is dull or money is scarce, or because he alleges that the estate owes no debts, and when on trial of such an injunction the evidence is conclusive that the debts exist, he is not justified in taking a suspensive appeal from the judgment dissolving the injunction, and should be mulct in ten per cent damages for a frivolous appeal. C. P. 907; 14 Ann. 287; 10 Ann. 641; 35 Ann. 83, 927.

4. The residuary heir who appeals from a judgment dissolving such an injunction occupies the same position as the appellant from a moneyed judgment, and must pay the estate damages for a frivolous appeal.

The opinion of the Court was delivered by

FENNER, J. The defendant, administrator of the succession of T. C. Worley, alleging that the succession owed debts of large amount, a full statement of which he embodied in his petition, and that the sale of the property, movable and immovable, was necessary in order to pay them, applied for and obtained an order of court for such sale.

Subsequently, and while the advertisement of said sale was pending, he filed a provisional account of his administration to date, and ap-

pended thereto a tableau of the debts due by the succession corresponding to the statement embodied in his petition for the sale.

The plaintiffs, who had become the owners of the share of one of the heirs in the succession, filed an opposition to this account, in which, amongst numerous other objections, they disputed the debts set down as due by the succession, and denied that the succession owed them. They then filed the present suit for an injunction restraining the administrator from proceeding with the sale which had been ordered until further orders of the Court. The preliminary injunction was granted, the case went to issue and trial, and final judgment was rendered dissolving the injunction, from which the present appeal is taken.

The grounds of the injunction are three :

1. That inasmuch as plaintiffs in their opposition had put at issue the existence of any debts due by the succession, the sale should not proceed until that issue had been determined.

2. That the succession owed no debts which required or justified the sale of its property and, therefore, the sale could not lawfully be made.

3. That the season of the year at which the sale was to take place was one when money was scarce and when the property could not find bidders for its value.

The first ground, by itself, has no merit.

As said by us in a former case, "it is the first and paramount duty of executors and administrators to watch over the interests of creditors and to see to, and provide for, the payment of their just claims against the successions which they represent, and to that end they are vested by law with full power to provoke the sale of the personal and, if need be, the immovable property of the succession." Succession of Tabor, 33 Ann. 344.

The law made it the imperative duty of this administrator to apply for the sale of the property in case he found such sale to be necessary for the payment of debts which he has ascertained to be due. C. C. 1164, 1165, 1668, 1670.

This is a duty which he owes to the creditors, and of which, in his default, they can compel the performance.

This duty cannot be paralyzed by the mere judicial denial by an heir that the debts, which have been ascertained and acknowledged by the administrator, are actually due. If an heir may restrain the execution of an order of sale obtained to pay debts acknowledged by the administrator, it must be, not because he has denied the existence of such debts, but because, in point of fact, they do not exist. In this injunction suit, he carried the burden of establishing that the debts

did not exist, and that, therefore, the sale of the property for their payment was unnecessary and unauthorized by law.

The presumption in favor of the validity of the debts resulting from the administrator's acknowledgment cannot be overcome by the mere denial of the heir, which did not, therefore, vacate the order or furnish a cause for suspending the sale.

The second ground, if sustained by proof, would have been proper ground for the injunction; but it is not sustained. We need not discuss it further in this case, because the opposition itself, involving this issue, has been tried and is this day decided on appeal, rejecting the opposition and affirming the existence of the debts.

The third ground has no merit. The law is not a respecter of seasons any more than of persons, and her writs and orders operate as effectively in summer as in winter.

Judgment affirmed.

Todd, J., takes no part.