(58 South. 20.)

No. 18,990.

Succession of BARRY et ux.

(March 11, 1912.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 47*)—JURISDICTION OF AMOUNT.

Where an allegation is made that the property which is the subject of the suit is worth more than $2,000, and there is proof tending to support that allegation, the appeal will not be dismissed ratione materiæ.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 202–225; Dec. Dig. § 47.*]

2. EXECUTORS AND ADMINISTRATORS (§ 323*)—PAYMENT OF DEBTS—SALE OF PROPERTY.

It is the duty of an administrator to see that the debts of a succession are paid; and, where the heirs fail to furnish the funds with which to pay them, the administrator may cause the property of the succession to be sold to pay the debts.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1334–1336; Dec. Dig. § 323.*]

3. EXECUTORS AND ADMINISTRATORS (§ 348*)—SALE TO PAY DEBTS—SETTING ASIDE ORDER.

Where an heir seeks to set aside an order of sale of property to pay debts, he must show that there were no debts, and that therefore there was no proper basis for the order.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1448; Dec. Dig. § 348.*]

4. EXECUTORS AND ADMINISTRATORS (§ 388*)—SALES TO PAY DEBTS.

Where one purchases in good faith property belonging to a succession, sold on an order valid on its face and made by a court having jurisdiction, he acquires a good title.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1573–1582; Dec. Dig. § 388.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

In the matter of the succession of James Barry and wife. William J. Barry applied for an injunction against the administrator, Walter T. Barry, and, from a judgment denying the injunction, he appeals. Affirmed.

George F. Bartley and Dinkelspiel, Hart & Davey, for administrator. McCloskey & Benedict, for adjudicatee.

BREAUX, C. J. Plaintiff in injunction asks for a judgment recalling and annulling appointment of the administrator of the succession of James Barry and wife, and at the same time he seeks to have an adjudication of property, made at the instance of the administrator, revoked and rescinded, and the proceedings upon which this adjudication was based declared illegal and null.

The defendants in injunction filed exceptions and answers to the petition for an injunction.

William McGinty, adjudicatee of the property at the sale to pay debts, reserving the benefit of exceptions previously filed by him, answered, claiming that he is entitled to the property, having purchased it as a third person in good faith.

The inventory shows that the whole property was carried in the inventory as appraised at $1,688, to wit, $1,600 for the immovable property, and the movable at $88. (The allegations and proof were that the property was worth over $2,000.)

The district court considered the exceptions filed, and referred them to the merits, and, after hearing testimony on the merits, the court rendered judgment, recalling the order issued, which authorized the administrator to sell the property, and reserved to

the adjudicatee whatever right he may have to claim compensation for the wrongful issuance of the injunction.

The demand of the plaintiff in injunction, William J. Barry, against the administrator, Walter T. Barry, was rejected, reserving to the heirs of deceased the right to urge their respective claims on the final settlement of the succession.

From the judgment, plaintiff in injunction, William J. Barry, appeals.

[1] There is no force in the suggestion that the appeal should be dismissed for want of jurisdiction ratione materiæ. The jurisdictional allegations and the evidence show that the property of the succession was worth over $2,000. There was sufficient showing for the purpose of maintaining jurisdiction. As to the administrator, the succession was in debt, and there was necessity for appointing an administrator. The property was mortgaged for over $500, and there were other debts due by the succession.

As to the necessity of selling:

In petition, addressed to the court and supported by the oath of the administrator, it was represented by the administrator that there were debts to be paid; he gave a list of these debts, and asked for an order to issue to sell the property, and thereby enable him to pay the debts.

This condition, as above stated, is amply sustained by the evidence introduced.

[2] The debts must be paid; if the heirs do not tender the amount immediately after the debt is exigible, it is the imperative duty of the administrator to sell the property and pay the debts. This was all that the administrator did.

As relates to the adjudication of the property, the court had jurisdiction, both ratione materiæ and ratione personæ. A list of debts, under oath, was submitted, and the petition prayed for an order of sale, which was granted, and the property sold.

The buyer has a right to complete his bid, pay the amount, accept title, and go into possession of the property.

[3] As to the necessity for the sale to pay debts and the binding effect of the order, the heir must prove that there were no debts. The proof is to the contrary; there were debts. See Lehman-Abraham & Co. v. Worley, Adm'r, 40 La. Ann. 620, 4 South. 573; Heirs of Simonin v. Czarnowski, 47 La. Ann. 1334, 17 South. 847.

Third persons are protected by proceedings regular on the face of the papers in a court having jurisdiction. Linman v. Riggins, 40 La. Ann. 761, 5 South. 49, 8 Am. St. Rep. 549; Munday v. Kaufman, 48 La. Ann. 591, 19 South. 619; Weil v. Schwartz, 51 La. Ann. 1547, 26 South. 475.

For reasons assigned, the judgment is affirmed.