No. 2084.—FREDERICK FUNKE, Administrator, *v.* JAMES McVAY, Tutor.

An order for a suspensive and devolutive appeal may be granted by the judge *a quo,* separately, or both, in one order, and the appellant may in his discretion avail himself of the benefit of either order by giving the required bond within the time prescribed by law.

Where a promissory note is prescribed on its face and no interruption is shown, the plea will be maintained.

APPEAL from Fifth District Court, parish of East Baton Rouge, *Posey,* J. *Favrot & Lamon,* for appellee. *R. W. Knickerbocker* and *A. S. Herron,* for appellant.

WYLY, J. Plaintiff has moved to dismiss this appeal:

1. Because the district judge having granted a suspensive appeal on the sixteenth of November, 1868, was without authority to grant this devolutive appeal on the ninth day of December, thereafter.

2. Because the order for devolutive appeal does not state when and where the appeal is returnable.

Both orders for appeal were granted in open court within a few days after the judgment was rendered. The order for suspensive appeal was not acted upon by the defendant, no bond having been given in conformity therewith.

The mere existence of this order did not, in our opinion, deprive the judge, *a quo,* of authority to grant an order for a devolutive appeal. A suspensive and devolutive appeal may be granted in separate orders as well as in the same order; and the party obtaining the orders may perfect the appeal by giving the bond required for a suspensive or a devolutive appeal, just as he pleases.

It was the duty of the District Judge to fix the return day, C. P. 574; but it does not appear that this defect in the order is imputable to appellant. He has brought up the transcript and filed it at the first term fixed for trial of cases from that district, after the rendition of the judgment.

The sixteenth section of the act approved March 13, 1866, provides, "that no appeal to the Supreme Court shall be dismissed on account of any defect, error or irregularity of the petition, order of appeal, or in the certificate of the clerk or judge, or in the citation of appeal or service thereof, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall not appear that such defect, error, or irregularity is imputed to appellant." * * * Acts of 1866, p. 154.

The motion to dismiss this appeal is therefore overruled.

The defendant has appealed from a judgment rendered against him, which is based upon a promissory note due January 1, 1862. The defense is the plea of prescription of five years. Citation was served on the fifth of January, 1867, more than five years after the maturity of the note. There is no evidence of interruption or renunciation of prescription. The plea was well taken. C. C. 3505.

It is therefore ordered that the judgment appealed from be avoided and reversed, and it is now ordered that there be judgment in favor of defendant, dismissing this suit at plaintiff's costs.