No. 6578.

## SUCCESSION OF MRS. E. R. HARDESTY.

When the judgment appealed from does not condemn the defendant to pay any specific sum, the amount of the appeal bond must be fixed by the judge *a quo*.
If the real amount involved is under five hundred dollars, this court is without jurisdiction.

APPEAL from the Parish Court for the parish of East Feliciana. *Lyons*, J.

*F. D. Brame* and *W. C. Flower*, for opposers.

*Wedge & Moore* and *W. F. Kernan*, for the succession.

The opinion of the court was delivered by

DEBLANC, J.  The counsel for Mrs. Hardesty, the appellee, have moved to dismiss the appeal in this case, on the grounds:

First—That the bond is insufficient in amount for a suspensive appeal, and was not filed in time.

Second—That no amount was fixed by the judge of the lower court in his order of appeal.

This appeal is taken from a judgment homologating the final account of an executor.  The judgment does not condemn appellants to pay any sum, and this is one of the classes of cases in which the judge can and should fix the amount of the appeal bond.  10 An. 345; 20 An. 108; 21 An. 43.

The judgment appealed from was signed in April, 1876.  The day on which it was signed does not appear.  A motion for a new trial was overruled on the twenty-ninth of April, 1876, and the appeal bond filed on the ninth of May, within legal delay.

The third ground is fatal to the appeal.  The judge has fixed no amount for the appeal bond, but merely granted a suspensive appeal on appellant's giving bond in amount and conditioned according to law.  26 An. 208.

To dismiss this appeal there is an additional reason, and, though our attention was not called to it, we are bound to notice it.

The share inherited from the succession of Mrs. E. R. Hardesty by each of the appellants is $1212 45, and by both $2424 90.

The tableau by them opposed was filed on the twenty-eighth of September, 1875, and, in June and December, 1874, they had each received, and so acknowledged, one thousand dollars, and, together, two thousand

dollars. The balance of their shares in said succession is, at most, $424 90, to each $212 45, which appellee contends and shows was paid to Franklin Hardesty, now dead, and who, at the time the payment was made, represented himself and acted as appellant's attorney.

Even if we were to consider that the aforesaid balance does not constitute two separate and distinct claims, and that, as alleged by appellants, the attorney was without authority to receive it, still the real and only amount involved is under five hundred dollars, and this court is without jurisdiction, *ratione materiæ,* to pass upon it.

It is therefore ordered, adjudged, and decreed that the appeal in this case be and it is hereby dismissed at appellant's costs.

DeBLANC, J. It is settled, as contended by opponents, that when the creditors of a succession are litigating their rights contradictorily with each other, and the value of the succession exceeds five hundred dollars, an appeal lies to the Supreme Court, though the claim of each creditor may not amount to that sum; but does an appeal lie for the sole reason that an opposition is made to an administrator's account, though the pleadings and evidence show that the claim urged is utterly foreign to the succession? · Assuredly not.

In this case the only contest is in regard to the payment made by the executor to one Franklin Hardesty, an attorney-at-law, representing himself as the counsel and agent of the opponents, and whose authority is not denied under oath in the pleadings filed. The amount thus claimed by opposition is $212 45, alleged to be still due to each of the appellants. If so, by whom is it due? Is it not by either the executor, if he paid to one having no authority to receive, or by Franklin Hardesty's estate, if he had authority to receive and failed to account?

The opponents do not dispute the correctness of the active or passive man, but only ask that the balance of any shares to which may be entitled the representative of Franklin Hardesty be reduced by the amount then received by him in his alleged capacity as their agent and counsel. We refrain from expressing an opinion on this point, and, inasmuch as appellants conceive that our court can entertain jurisdiction of this matter, we will restrict our decree of dismissal to the other ground upon which it is based, and reserve for future adjudication the question of jurisdiction passed upon by us with a view of restoring this controversy to what we considered as its legitimate channel.

It is therefore ordered that, with the reservation made, the decree dismissing the appeal in this case be and it is hereby re-affirmed.