MONROE, J.
Plaintiff and appellee moves to dismiss the appeal herein on the ground that no appeal bond such as the law requires has been furnished.
it appears from the record that on July 10, 1907, judgment was rendered and signed condemning the defendant in the sum of $600, with interest; that on July 30th he filed a motion for an appeal, reading, in part, as follows:
“ * * * Suggesting * * * that there has been no session * * * since the 12th day of July * * * until this day; that defendant desires to appeal, suspensively and devolutively, from said judgment: * * * It is ordered that a suspensive and devolutive appeal be granted, * * * returnable * * * on the 23d day of September, upon defendant’s furnishing bond in good and solvent surety, conditioned as the law directs, in the full sum of twenty-five thousand five hundred dollars.
“Granted in open court this 30th day of July, 1907.
“[Signed] Prentice E. Edrington, Judge.”
Upon August 21st following, defendant filed a bond, conditioned that it “shall prosecute a suspensive and devolutive appeal,” in the sum of $1,000.
It is conceded that this bond was not filed within the time prescribed in order to sustain a suspensive appeal, but it is contended that it will serve the purposes of a devolutive appeal.
The Code of Practice, however, provides:
“Art. 574. The judge, in granting the appeal, * * * shall state, at the foot of the petition of appeal, the amount of the surety to be given by the appellant, * * * and, when the appeal has been granted upon motion in open court, the judge shall fix the amount of the, security,” etc.
“Art. 578. If the appeal be taken after the delays allowed by law for taking an (suspensive} appeal have expired, * * * such appeal shall not stay execution. But, in that ease, no surety shall be required except to such an amount as the court may determine as sufficient to secure the payment of costs.”
In an early case, where, as in this, the appellant was endeavoring to sustain his appeal as devolutive, upon the ground that the bond given was sufficient in amount for that purpose, this court said:
“The law has not left the party a judge of the amount of the bond, even for a devolutive appeal ; but it requires him to give 'bond and surety to such an amount as the court may determine as sufficient to secm-e the payment of the costs. Code Prac. art. 578.” (Italics by the court.) Glaze v. Russell, 5 Mart. (N. S.) 237.
In another case it was said:
“This instrument [the appeal bond] * * *" is given for the sum ordered by the judge who granted the appeal. This sum does not exceed, by one-half, the amount of the judgment, and, in consequence of the deficiency, it ought, probably, not to have been considered suspensive. * * * But, as the bond was given for the amount ordered by the judge, the appeal is clearly devolutive,” etc. Poydras v. Patin et al., 5 La. 129.
In still another case, it was said:
“The dismissal of this appeal is asked for on the ground that a bond was given for a sum less than was required by the "order of the judge. The judgment is for $350. A suspensive appeal was prayed for. The judge, in granting it, required a bond to be given in the sum of $550, and the bond given is for $150. The Code of Practice (article 574) provides that the judge, in granting the appeal, shall state, at the foot of the petition of appeal, the amount of the surety to be given by the appellant. This article of the Code relates to devolutive appeals, for in suspensive ones the sum is fixed by the Code. * * * In the present case, the bond being for $150, only, is insufficient for a suspensive appeal. * * * It is also insufficient to support a devolutive appeal, as it is for a sum less than that fixed by the judge.” Duperron v. Van Wickle, 1 Rob. 324.
And the doctrine thus announced has been maintained up to the present time. Hawkins v. Bell, 6 La. Ann. 561; Keenan v. Whitehead, 15 La. Ann. 333; Mestier & Co. v. Pavement Co., Ltd., 108 La. 562, 32 South. *101 520; Pelletier v. State National Bank, 112 La. 564, 36 South. 592.
We find in the "brief of appellant’s counsel an excerpt, reading in part, as follows:
“But where both the prayer and the order are for a suspensive appeal, if the amount of the bond is insufficient for a suspensive appeal, or if it be not filed within the prescribed delay for such an appeal, but is filed within the year, the appeal will be sustained as devolutive only.”
This excerpt must have been hastily made, as we find, on comparing it with the opinion in Succession of Keller, 39 La. Ann. 580, 2 South. 553, from which it purports to have been taken, that in the latter there appear, following the word “bond,” the words “furnished, in compliance with the order of court,” which are omitted from the excerpt, and which make a difference in the meaning. There was, no doubt, an error committed in the fixing of the amount of the bond in this case, but, so far as we can see, it was committed by the appellant; the order of appeal having been made in the terms suggested by its counsel. Conceding that the amount of the bond, as fixed, is greater than necessary, and greater than it would have been if attention had been called to the matter, the fact remains that appellant, having suggested said amount, originally, made no attempt to have it reduced, though there was an interval of three weeks between the fixing of the amount and the filing of the bond; and no other amount than that stated in the order of appeal has ever been fixed. Inasmuch as it is equally necessary that the amount should be fixed, and that the bond should be given for such amount, it follows that from no point of view has the appellant complied with the latter condition.
"We are therefore of opinion that the appeal should be dismissed, and it is so ordered.
NIOHOLLS, J., dissents.