Statement of the Case.
MONROE, J.
On April 1,1911, the district court for the parish of Caddo rendered judgment in favor of the minor, Effie Bell Wad-kins, represented by her tutor, relator herein, against Producers’ Oil Company and Atlanta & Shreveport Oil & Gas Company, in solido, recognizing said minor, and directing that she be put in possession, as owner of an undivided half interest in a certain tract of land, including the oil and gas wells thereon, condemning the defendants to pay her the sum of $86,328.24, with • interest from January 31, 1911, and reserving her right to an accounting for oil and gas obtained from the land after the date last above mentioned. For the purposes of the judgment so obtained, it had been admitted that defendants had obtained from the land up to said date 501,640.11 barrels of oil, which they haid sold for $206,640.24, and that they had expended $33,983.95, the admission as to the amount last-mentioned being made subject to a reservation by plaintiff with respect to certain items in the bill of expenditures. The $86,238.24, for which the judgment was rendered, was therefore arrived at by deducting the gross expenses from the gross receipts, and dividing the remainder by 2. On April 12th defendants (separately) prayed to be allowed appeals from the judgment so rendered, and the minutes of the court show the following order by Judge Bell, to wit:
“Motion for appeal filed on behalf of both defendants, and appeal granted, returnable to the honorable the Supreme Court * * * 1st Monday in May, 1911. Suspensive appeal bond, fpr each defendant, fixed at $140,000, and devolutive bond at $150.00.”
On April 13th each defendant filed an appeal bond in the sum of $140,000; and on May 6th following plaintiff filed a rule to dismiss the appeals on the grounds that the bonds were insufficient in amount and the surety not such as required by law. The Atlanta, etc., Company answered, alleging that “the bond was given for the amount fixed by the judge, for the suspensive appeal, being one half over and above the money judgment, and $10,000 over and above the said sum to *487 protect the plaintiff from any injury or waste to the land in question,” and further alleging that the surety was good and sufficient. The Producers’ Oil Company, “reserving all rights under pleadings and suspensive appeal filed herein,” answered that the surety was good and sufficient. On the trial of the rule, which took place before Judge Sutherlin, it was shown, in addition to the facts stated, that on April 1, 1911, one well upon the land in controversy had produced 239.64 barrels of oil and that it was worth 50 cents a barrel, and we infer from the testimony that defendants had been continuously obtaining oil from said land after January 31, 1911, and were so obtaining it on August 2d, when the rule was tried; and something w\as said about the production of a statement in detail of the yield, but we do not find it in the record. It was further shown that other wells had been drilled upon tracts of land adjoining that in dispute, and were, and had been, producing oil, and the inference may reasonably be drawn that there is danger of their draining the tract in dispute.
Judge Bell testified that he fixed the amount of the bonds after some consultation with the counsel for one of the appellants at a figure that he thought was ample, though somewhat lower than was suggested by the •counsel, and that he was trying to fix it rapon a legal basis, as well as he could get at it, “taking the estimated interest of the appellant” (probably meaning the appellee) “and putting it one-half over and above.” The following appears upon cross-examination by plaintiff’s counsel:
“Q. The balance, the $10,000, was fixed how? The $130,000 was to take care of the moneyed judgment? A. I do not remember all these things now. I simply know that I investigated the matter, and merely have a recollection that I fixed it a little lower than was suggested by counsel. * * * Q. You figured $10,000 damages sustained by plaintiff by being kept out of the land? A. I would have to review the case. I took the interest of the parties and discussed it, and fixed it a little lower than he suggested.”
The rule was dismissed by Judge Sutherlin on August 2d, and on the following day he signed a bill of exception, presented by counsel for plaintiff, with the following statement per curiam to wit:
“The court held that, inasmuch as Judge Bell had the discretion to fix the appeal bond in such sum as he might see proper, provided he fixed it at more than one-half over and above the money judgment, and inasmuch as Judge Bell in the exercise of that discretion had fixed an appeal bond, though, in so doing, he did not specially take into account the revenues from the property, but merely fixed the bond in a lump, sum, which he considered sufficient, such discretion, so exercised, could not be interfered with by the district court.”
It appears from the return of the learned judge to the order nisi issued from this court that the bill of exception thus referred to was not submitted to the opposing counsel as required by the rule of the district court; an effort to secure their presence when the bill was signed having proved unsuccessful. And, as the bill is of no particular value, save as containing a more succinct statement of facts, which, in the main, otherwise appear, we dismiss it from further consideration.
Upon the dismissal of his rule, plaintiff applied to this court for a writ of certiorari, and he prays that the judgment of dismissal be reversed, that the rule be now made absolute, and that this court decree that the amount of the appeal bonds in question was not fixed according to law, and is insufficient to sustain any other than devolutive appeals.
Opinion.
[1] The order for the appeals, as entered upon the minutes of the district court, shows that the amount fixed for the suspensive appeal bonds (being the same in each case) was a lump sum, and that it was not attributed in specified proportions to the respective parts of the judgment appealed from which condemn the defendants, on the one hand, to surrender the property in dispute,' and, *489 on the other hand, to pay a sum of money. In so far as the judgment condemns the defendants to surrender the land claimed, together with the producing oil wells thereon, the question as to the amount for which the bonds should be given in order to suspend the execution of the judgment was one the determination of which rested within the discretion of the judge. C. P. 576, 577. In so far as the judgment condemned the defendants to.pay a specific sum of money, the amount for which bonds were required in order to suspend execution is fixed by law as an amount exceeding by one-half the sum for which the judgment was given, including one-half the accrued interest. C. P. 575.
If the judgment had condemned defendants for nothing save the money, an order granting the appeals, upon appellants giving bond according to law, would have been sufficient for the purposes of the suspensive appeal, since, in such cases, the judge is vested with no discretion; and it was only because the judgment also condemned the defendants to surrender the land and oil wells, and because defendants applied for a devolutive, as well as a suspensive, appeal, that he fixed the amount for the one at $140,000, and for the other at $150.
Counsel for relator say that the judge intended to require security to the amount of $130,000 for the appeal, quoad the judgment for the money, and to the amount of $10,000 for the appeal, quoad the judgment for the property; but, that $130,000 falls short by $571.70 of the amount required by law to suspend the execution of the judgment for the money, and that $10,000 falls very far short of the amount which in the exercise of his discretion the judge ought to have fixed to suspend the judgment for the property, and hence that the aggregate amount of $140,000 is insufficient, and that the appeals should be dismissed. Counsel predicate their views as to the intention of the judge upon certain averments made by the Producers’ Oil Company in another case, and by the Atlanta Company in its answer to the rule to dismiss the appeal. We can, hardly be expected, however, to go beyond the order for the appeals, as entered upon’ the minutes of the district court, and the fact that appellants filed bonds, for an amount, which, it is admitted, exceeds by $9,428.30 that required to suspend the execution of the judgment for money. It may be that in discussing the question with counsel for the appellant the judge and the counsel calculated roughly that $130,000 was, approximately, the amount required for the purposes of the appeals, quoad the moneyed part of the judgment; but, if those exact figures were suggested, it indicates conclusively that absolute accuracy was not considered necessary, in view of the intention that the amount to be fixed was to be far enough in excess of $130,000, not only to cover the difference between that amount and the amount which the law required for the appeal from the judgment for the money, but, also, in the opinion of the judge, to meet the requirements of the appeal, quoad. the judgment for the property. The judge and the counsel knew that, to suspend the execution of the judgment as to the money, a bond was required for an amount exceeding by one-half the amount of such judgment. .They also knew that, whilst the judge was vested with no discretion in that regard, he was authorized and required to deter-' mine the amount necessary to suspend the execution of the judgment as to the property ; and, as the amount for which the bonds were to be given was fixed at $140,000, our conclusion is that it was the intention that the requirements in both directions should thereby be met, and that, as to the requirements for the appeal from that part of the judgment which condemned the defendants to pay money, they were met. As, however, there was but one judgment, one order of appeal, and one bond (by each de *491 fendant), and as plaintiff alleges that the amount required for the bonds quoad that part of the judgment which relates to the property was, and is wholly inadequate, the question remains, Can the relief here prayed for be granted on that account? And that question for several reasons must be answered in the negative.
[2] (1) When the district court, in the exercise of an unquestionable jurisdiction, made its order granting the appeals and fixing the amount of the bonds, and the appeals were perfected in accordance with such order, its control of the case was lost; and when, some months later, the rule to dismiss the appeals came on for hearing, it was wholly without jurisdiction of the subject-matter, from which it follows that this proceeding, having for its purpose the dismissal of the appeals by means of a review and reversal of the judgment of the district court dismissing said rule, is unauthorized, and cannot be sustained. [3] (2) All the requirements for devolutive appeals having been complied with, these appeals are good, as such, even if they were not good as suspensive appeals. [4] (3) The district court having exercised a discretion vested in it by law in fixing the amount of the bonds for the purposes of the appeals, quoad the judgment condemning defendants to surrender the property, the appellant cannot be held to lose his appeal because the amount is, or may be, less than it should be, though the appellee should be allowed a remedy, perhaps by way of a proceeding to compel an increase in the amount of the bond.
It is therefore adjudged and decreed that the order heretofore made in this case be set aside, and that relator’s demands be rejected and this proceeding dismissed, at his cost, without prejudice, however, to any right that he may have to proceed otherwise, as he may be advised, for the protection of the rights of his ward.