(63 South. 303.)

No. 19,503.

BROWN v. GREEN.

(Nov. 4, 1912. On the Merits, Oct. 20, 1913.)

*(Syllabus by the Court.)*

Motion to Dismiss the Appeal.·

1. APPEAL AND ERROR (§ 393*)—SUSPENSIVE APPEAL—BOND.

Where a suspensive appeal is granted, and a bond, insufficient in amount to maintain a suspensive appeal, is ordered to be given, on motion to dismiss, it is *held* good as a devolutive appeal, as it is ample to secure the costs. The only effect · of dismissing the appeal would be to require the appellant to secure an order for a devolutive appeal, issue a citation of appeal, and furnish a new bond for costs,  and this the court will not unnecessarily require appellant to do.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2095, 2096; Dec. Dig. § 393.*]

2. APPEAL AND ERROR (§ 383*)—APPEAL BOND —SUFFICIENCY.

· As the proceedings below were by injunction, which the court dissolved without damages, and without a moneyed demand, or ordering the delivery of property, the appeal bond given is sufficient, as defendant has the right to look to the injunction bond for any damages which he may suffer by continuing it in force.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2042–2048; .Dec. Dig. § 383.*]

3. APPEAL AND ERROR (§ 73*) — DECISIONS APPEALABLE—DISSOLUTION OF INJUNCTION.

As the dissolving of the injunction might work an irreparable injury to plaintiff, an appeal will lie from the judgment dissolving the injunction.

[Ed. Note.—For other cases, see Appeal and Error. Cent. Dig. §§ 402–408, 412, 413, 415; · Dec. Dig. § 73.*]

On the Merits..

4. COSTS (§ 223*)—TAXATION—SUPREME COURT.

This court has the power. to tax the costs of the lower or appellate courts, or any part thereof, against any party to a suit, as in our judgment we deem to be equitable. Section 2, Act No. 229 of 1910, p. 388.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 835–837; Dec. Dig. § 223.*]

5. COSTS (§ 28*)—UNNECESSARY SUIT—PARTITION.

In a partition suit between heirs, where the partition has been ordered, and the defendant takes a devolutive appeal, and the judgment appealed from is reversed, and the defendant, after filing a motion for a devolutive appeal, files suit for the annullment of that same judgment, it would be inequitable to order the original plaintiff in the cause to pay the costs of the second suit. Plaintiff in the suit to annul the judgment appealed from must pay the costs of that suit.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 835–837; Dec. Dig. § 28.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Selina Beatrice Brown, wife of Charles Hudson, against Delphine Green, wife of Frank Walker. From judgment for plaintiff, defendant appeals. Reversed.

See, also, 132 La. 1090, 62 South. 154.

James J. McLoughlin and Teissier & Teissier, all of New Orleans, for appellant. C. C. Friedrichs and Harold A. Moise, both of New Orleans; for appellee.

Motion to Dismiss the Appeal.

BREAUX, C. J. [1] The grounds are that the bond is insufficient, as the amount in-

volved is $2,000, and the appeal bond is for $50, and that there was no order of devolutive appeal issued by the court. We hold that the appeal, none the less, is good as a devolutive appeal. We are not of opinion that two orders were necessary. ꞏ Twelve months since the judgment was rendered have not elapsed. This point was directly decided in Hillard v. Taylor, 114 La. 890, 38 South. 594. The court said, in answer to a similar objection, that the only effect of ordering the dismissal would be to force the appellants to obtain another order of appeal, execute a new bond, and issue a new citation of appeal. This the court declined to do. It held that the order for the suspensive appeal was sufficient to include both, and covered both the suspensive and devolutive appeals.

[2] The bond is sufficient in amount on another ground. Proceedings were by injunction, which the court below dissolved without damages, and without allowing any moneyed demand, and without ordering the delivery of personal property or of realty.

The defendant must look to the bond for the injunction. By reason of that fact, the bond for costs is sufficient for a suspensive appeal. Day v. Bailey, 116 La. 962, 41 South. 223; Succ. of Hardesty, 29 La. Ann. 289.

[3] Lastly, there can be no irreparable injury.

There was sufficient irreparable injury to justify granting the appeal. It was a matter of partition in which the court passed upon the rights of the co-owners. When distribution will be made of it as prayed for, the title to the property will be recognized and become vested.

Really, the last stated question is not at issue. The motion to dismiss was not based on the ground of no irreparable injury possible.

It follows that the alleged insufficiency of the bond was the only question at issue, and, by reason of that fact, the decision is grounded upon insufficiency of the bond for the appeal. We think it was sufficient.

The foregoing are grounds for overruling the motion to dismiss.

### On the Merits.

SOMMERVILLE, J. This is a partition suit between plaintiff and defendant, wherein plaintiff claims that she is the niece of defendant, and is entitled to a partition of the property which belonged to their deceased ancestor. The case is fully stated in the opinion heretofore rendered in this cause, and reported in 132 La. 1090, 62 South. 154. The judgment of the district court was therein set aside by us, and the case was remanded for a new trial.

The appeal by the defendant on the former trial was devolutive, and a few days after the appeal was taken defendant sued to annul the judgment rendered against her, and from which she had appealed. She had thus recourse to two means for setting aside the judgment against her. There was judgment dismissing defendant's suit in nullity, and she prosecutes this second appeal, which has been submitted for our consideration.

The judgment in favor of plaintiff and against defendant, which defendant seeks in this proceeding to have annulled, has already been annulled and set aside by this court, as appears in the decision in 132 La. 1090, 62 South. 154, before referred to.

There is nothing before us now except a question as to who shall pay the costs of this branch of the case. We shall not, therefore, consider the case on its merits.

[4, 5] Act No. 229 of 1910, p. 388, provides:

"That all appellate courts of this state shall have the power to tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be deemed equitable."

This suit to annul the first judgment in the cause was unnecessary, and it would be inequitable to condemn the original plaintiff in the cause to pay the costs. We have already condemned her to pay the costs of appeal in the former suit, and it would be a double burden to impose the costs of this proceeding upon her. It is true that, when the defendant filed her suit to annul, she did not know that this court would reverse the first judgment from which she had appealed; but it was an unnecessary precaution which she took, and for which she must bear the costs.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiff in suit for the nullity of judgment shall pay costs.