### LEMIEUX v. MORALES

(July 2, 1928. Opinion and Decree.)
(August 13, 1928. Rehearing Refused.)
(October 3, 1928. Write of Certiorari and Review denied by Supreme Court.)

Henry J. Rhodes, of New Orleans, attorney for relator.

Brian and Brian, of New Orleans, attorneys for respondent.

CLAIBORNE, J. The defendant applied for a prohibition.

He alleged that the plaintiff had obtained a judgment' against him for $500 with legal interest from judicial demand, July 18, 1927, until paid; from this judgment defendant obtained a suspensive and devolutive appeal "upon mover furnishing bond with good and solvent surety in the sum of $1000 for the devolutive appeal and for the suspensive appeal as required by law."

The defendant furnished bond "in the sum of seven hundred and fifty dollars for the suspensive appeal and one hundred dollars for the devolutive appeal, total $850."

On April 24, 1928, plaintiff caused to be served upon the defendant notice that the above bond was insufficient as to substance and as to solvency of surety.

On May 10, 1928, the plaintiff filed a motion in which she recited the above judgment, and appeal bond and notice and reiterated that said bond was insufficient in amount and substance to suspend the execution of the judgment, and that al-though more than two judicial days had elapsed since the service of said notice, the appellant had not filed an additional bond, and she concluded by praying that the order for a suspensive appeal be rescinded and the suspensive appeal dismissed.

On May 18, 1928, the defendant filed an additional bond "in the sum of $750 plus $200 to cover interest and costs, plus $100 to cover devolutive appeal."

On June 12, 1928, judgment was rendered rescinding the order for a suspensive appeal and setting aside said appeal.

In this court the defendant has filed a petition praying for a prohibition against the execution of said judgment and for a mandamus maintaining her suspensive appeal. She alleged that the judgment dismissing her suspensive appeal was erroneous; that the judgment against her is for $500 only, "while the collective bond furnished by her amounts to $850."

Neither in her petiton for a prohibition nor in the argument does her counsel refer to the additional bond filed on May 18, 1928. It is evident that this second bond was filed too late.

Nor do we construe the first bond sufficient in amount for a suspensive appeal. The bond declares specifically, and the surety has signed expressly, a bond for $750 only, for a suspensive appeal. Defendant has proceeded in the manner indicated for a suspensive appeal, and insists in this proceeding upon the validity of her suspensive appeal. Yet her surety has signed in express terms for a bond of $750 only, for a suspensive appeal, and $100 only, for a devolutive appeal.

It is evident therefore that the bond for the suspensive appeal is for $750 only, and that her surety could not be held for any greater amount.

This is not a "collective" bond as denominated by the appellant. It might have been "collective" and sufficient if it had been for the total amount of $850, but not for a separate amount of $750 for one appeal and $100 for the other.

The words "total $850," only refer to the aggregate sum of the two bonds added together.

The authorities relied on by defendant, Poland vs. Chicago, St. L. & N. O. R. Co., 42 La. Ann. 293, 7 So. 899; Watts vs. Collier, 140 La. 101, 72 So. 822; Bernheim vs. Pesson, 143 La. 610, 79 So. 23; Grant vs. Succ. of Grant, 159 La. 537, 105 So. 611, are not in point as an examination of those authorities will show.

In Watts vs. Collier, 140 La. 101, 72 So. 822, the appellant cumulated two amounts of $52.50 and $75 into one bond for $130 which was held good.

The bond should have been for $500 and nearly one year's interest at 5%, at least $520, plus one-half thereof, or $260, total $780. Act 289 of 1926, page 521.

The appellant has suggested the rule de minimis. In the case of State ex rel. Pelletier, 112 La. 564, 36 So. 864, a suspensive appeal from the judgment of $91.85, was dismissed for a shortage of $32.91 in the bond. In that case it was said the maxim "de minimis does not apply."

Writs denied.