Plaintiff-appellee moves for a dismissal of this appeal. He sued defendants Melville J. Dearie and three others to quiet a tax title, and recovered judgment; the defendants were cast for the costs of court. Subsequently, plaintiff brought a rule on only one of the defendants, Melville J. Dearie, which directed him to show cause why the court costs should not be taxed. This rule was made absolute and the costs were fixed at $61.30. All four defendants were allowed a devolutive appeal from the judgment which quieted the tax title; they furnished a proper appeal bond and perfected their appeal. They were also allowed a devolutive and suspensive appeal from the judgment taxing costs, and it is this appeal which plaintiff-appellee seeks to have dismissed.
Defendants were ordered by the court below to furnish an appeal bond for $100.00 in support of the devolutive appeal, and to furnish a bond according to law for support of the suspensive appeal. They furnished only one bond, and that for $100.00.
Dismissal is asked on the grounds (1) that the judgment taxing costs is only against Melville J. Dearie, and the three other defendants had no interest such as would entitle them to appeal therefrom, and (2) that the bond for $100.00 is insufficient to support the suspensive appeal, for the reason that the suspensive appeal *Page 62 
bond should have been in the amount required by law, i. e., exceeding by one-half the amount of the costs taxed.
We are of the opinion that the codefendants of Melville J. Dearie, although they were not made parties to the rule to tax costs, nor cast in the judgment, are interested in it, and they have a right of appeal. They, together with Melville J. Dearie, are liable solidarily for the court costs and are necessarily vitally interested in the amount taxed. According to the provisions of C. P. art. 571, the right of appeal is given not only to those who were parties to the cause in which a judgment has been rendered against them, but also to third parties showing that they have been aggrieved by the judgment.
A bond for $91.95, timely filed, would have been sufficient to support the appeal. The bond for $100.00 was timely filed and hence can avail; it exceeds by one-half the amount of the judgment appealed from and is also for the amount fixed by the court for the devolutive appeal.
When an appellant obtains an order for both a suspensive and devolutive appeal it does not mean that there are two appeals, but merely expresses the intention that if, for any reason, the appeal should not stay execution of the judgment, it shall nevertheless afford the appellant an opportunity to reverse or amend the judgment. Lafayette v. Parr, 162 La. 385,110 So. 624. Under the articles of the Code of Practice, it is not required that either the petition, motion for appeal, or appeal bond shall state whether a suspensive or devolutive appeal is applied for. The character and amount of the bond and the time at which it is filed determine the character of the appeal. Grant v. Succession of Grant, 159 La. 535, 105 So. 611. And where a suspensive and devolutive appeal have been taken, the one bond will serve for a suspensive appeal if filed in time; if not, then for a devolutive appeal. Bernheim v. Pessou,143 La. 609, 79 So. 23; Cortez v. Cortez, 175 La. 179, 143 So. 41.
We perceive no merit in the motion to dismiss, and it is denied.
Motion denied.