JANVIER, Judge.
This appeal from the First City Court of New Orleans comes before us on motion of appellees to dismiss the suspensive appeal because of “failure of the defendant to furnish appeal bond in accordance with Code of Practice Article 575, inasmuch as no suspensive appeal bond has been filed.”
On May 26, 1953, judgment for $659.54, with interest and costs, was rendered in favor of plaintiffs. This judgment was signed on June 1, 1953. On June 11, 1953, defendant sought and obtained an order granting “a suspensive and devolutive appeal.” This order was conditioned upon appellant “furnishing bond in the sum according to law for the suspensive appeal and the sum of $50.00 for the devolutive appeal.” Defendant furnished one bond in the sum of $50. There was nothing in this bond which identified it as having been furnished in support of the devolutive feature of the appeal only except that it was in the amount of $50.
*500 No action was taken by appellees in the First City Court to require appellant to furnish additional or supplemental bond •and no other bond was furnished.
It is the contention of the appellees that the suspensive appeal must be dismissed because of insufficiency in the amount of the bond, which concededly should have been “according to law,” which is for one-half over and above the amount of the judgment ($659.54), interest and costs.
Counsel for appellant has verbally notified this Court that he does not intend to prosecute the suspensive appeal. Nevertheless, we deem it our duty to pass upon the motion to dismiss the suspensive appeal which is before us since no formal abandonment of that appeal has been made.
There can be no doubt that the bond which was filed is insufficient in amount to support the suspensive feature of the appeal. However, as we have said, there is nothing in the document which identifies it as having been given in support of the devolutive feature of the appeal only, and we feel that in such situation we must assume that it was the intention of the appellant that the bond should support the entire appeal “both suspensive and devolu-tive” and that the trouble now is not that there is no suspensive appeal bond but merely that the amount of the bond is insufficient.
Where a devolutive and suspensive appeal is obtained there is only one appeal. There are not two. We discussed this in Doll v. Dearie, La.App., 37 So.2d 61, 62 saying:
“When an appellant obtains an order for both a suspensive and devolutive appeal it does not mean that there are two appeals, but merely expresses the intention that 'if, for any reason, the appeal should not stay execution of the judgment, it shall nevertheless afford the appellant an opportunity to reverse or remand the judgment. Lafayette v. Farr, 162 La. 385, 110 So. 624. Under the articles of the Code of Practice, it is not required that either the petition, motion for appeal, or appeal bond shall state whether a suspensive or devolutive appeal is applied for. The character and amount of the bond and the time at which it is filed determine the character of the appeal. Grant v. Succession of Grant, 159 La. 535, 105 So. 611. And where a sus-pensive and devolutive appeal have been taken, the one bond will serve for a suspensive appeal if filed in time; if not, then for a devolutive appeal. Bernheim v. Pessou, 143 La. 609, 79 So. 23; Cortez v. Cortez, 175 La. 179, 143 So. 41.”
It necessarily follows that it must be assumed, as we have already said, that it was the intention of appellant that the bond was furnished to support the entire appeal and that consequently there was no failure to furnish a bond, but merely a failure to have the bond furnished for a sufficient amount.
When an appeal bond is insufficient in amount, a dismissal of the appeal does not result unless the appellant has failed to supplement the bond after having been called upon to do so by the action of the appellee in the nisi prius court. LSA-R.S. 13:4572, 13:4573. See also Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147; Pittman v. Lilly, 197 La. 233, 1 So.2d 88; Grant v. Succession of Grant, 159 La. 535, 105 So. 611; Rousseau v. Texas & P. R. Co. and Missouri P. R. Co., 2 La.App. 279; Hinrichs v. O’Keefe, App.1924, Orleans No. 9470.
The motion to dimiss the appeal is overruled. ,
Motion overruled.