BARNETTE, Judge.
This case is presently before us on a motion to dismiss the appeal. The point of law with which we are concerned arose out of the following sequence of events:
A judgment upon confirmation of default was rendered, signed and filed in favor of Lakeside Rambler Sales, Inc., and against defendants Durad Corporation and Sherman Conrad for $22,393:60 on October 23, 1968. A timely petition and order for a suspensive appeal was signed and filed November 12, 1968. The petition for appeal is captioned “PETITION FOR SUS-PENSIVE APPEAL” and concludes: “Wherefore, Petitioners pray that they be granted a suspensive appeal * * The order granted “a suspensive appeal” *747 conditioned upon bond in the amount of $34,000. There is no mention, either in the petition or order, of a devolutive appeal. A purported bond expressly for suspensive appeal was filed on that date.
The transcript of appeal was filed in this court on February 25, 1969. The case was set for argument on October 13, 1969 and on that date the motion to dismiss the appeal was filed, argued and submitted. It was then revealed that after the transcript of appeal had been lodged in this court, proceedings to test the validity of the sus-pensive appeal bond had transpired in the trial court and an alleged order had been issued changing the appeal from suspensive to devolutive and fixing a bond therefor in the amount of $250. The record on appeal before us did not contain those proceedings. Upon appellee’s motion we signed an order directing the completion of the transcript of appeal by inclusion therein of all proceedings in the district court after February 25, 1969. That order was promptly complied with, and the record now before us appears to be complete.
A rule to test the validity of the sus-pensive appeal bond was filed in the court below on June 30, 1969. A hearing on the rule was had on August 19, at which time a judgment was rendered, read and signed making the rule absolute and declaring the appeal bond invalid. On August 20 the appellants presented to the trial court a “MOTION TO FIX DEVOLUTIVE APPEAL BOND” wherein they related the substance of the events which had transpired to that date. Their representations were incorrect only in that they alleged that a suspensive am-d devolutive appeal was taken on November 12, 1968. In the motion they suggested the possibility of their not furnishing a new suspensive appeal bond within the four days provided by LSA-C.C.P. art. 5124 and sought permission to furnish instead a devolutive appeal bond in an amount to be fixed by the court. Accordingly, the court (acting through a judge other than the judge before whom the rule had been tried) “authorized [the filing of] a devolutive appeal bond * * * in the amount of $250 within the time prescribed by law under C.C.P. 5124 from the date of August 19, 1969.” The devolutive appeal bond was signed and filed on August 25, which, because of intervening holidays, was in time to meet the four day requirement of LSA-C.C.P. art. 5124.
The appellee’s contention in this court (and also in the trial court in a motion to dismiss the appeal filed in that court on September 29) is that appellants’ attempt to take a devolutive appeal long after 90 days had expired was not timely under the provisions of LSA-C.C.P. art. 2087 and the appeal thus taken is of no effect and should be dismissed. Appellee also contends that the character of the appeal was fixed by the original petition and order for appeal and the timely filing of the bond required, and that it could not be changed to de-volutive after the expiration of the time for taking a devolutive appeal. LSA-C.C.P. art. 5124 is as follows:
“Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.
“The new or supplemental bond is retroactive to the date the original bond was furnished, and maintains in effect the order, judgment, writ, mandate, or process conditioned on the furnishing of security.
“The furnishing of a supplemental bond, or the furnishing of a new bond by a different surety, does not discharge or release the surety on the original bond; and the sureties on both are liable in solido to the extent of their respective obligations thereon and may be joined in an action on the bond.”
*748 The appellee argues that appellants, by their failure to correct or furnish a new or supplementary suspensive appeal bond, have abandoned their suspensive appeal.
Our interpretation of the jurisprudence and the pertinent articles of the Code of Civil Procedure is that it is not necessary to designate the character of appeal desired in the motion and order for appeal, but it is sufficient merely to move for and obtain an order for “appeal.” LSA-C.C.P. arts. 2082 and 2121. The timeliness and the amount of bond given will determine its character and effect. LSA-C.C.P. arts. 2087, 2123 and 2124. Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733 (1955); Graziani v. Elder & Walters Equipment Co., 208 La. 80, 22 So.2d 841 (1945); Succession of Keller, 39 La.Ann. 579, 2 So. 553 (1887); Kitchen Center, Inc. v. Treigle, 129 So.2d 95 (La.App. 4th Cir. 1961) ; Guizerix v. Schaubhut, 116 So.2d 367 (La.App. Orleans 1959); Doll v. Dearie, 37 So.2d 61 (La.App. Orleans 1948). Both the appellants and the appellee seem to accept the foregoing premise, and we would have no difficulty in applying this principle of law to a factual situation such as existed in the cited cases. But the facts presented on this appeal involve a new question.
In this case we do not have a bond filed too late or in an insufficient amount to meet the requirements for a suspensive appeal, but which, however, satisfies the requirements of timeliness and sufficiency of amount for a devolutive appeal. The purported bond in this case was signed by one defendant-appellant individually and by him in a representative capacity for his corporation co-defendant. There was no surety and the trial court properly held the bond invalid. But it is not the circumstance of invalidity rather than insufficiency which concerns us for LSA-C.C.P. art. 5124 provides for correction of the defect in either event. See supra. The question here stems from the fact that appellants did not furnish a “new or supplemental” bond for suspensive appeal within the required time but instead obtained from the court an order permitting, in effect, the substitution of a different type of bond. From this circumstance the appellee contends appellants abandoned their sus-pensive appeal, the only appeal they had, and hence there was nothing to operate retroactively. Both appellants and the ap-pellee attempt to distinguish “new or supplemental” bond as provided in article 5124 from “substitute” bond, and each interprets the words used in the article as supportive of its argument. We are not impressed with the attempted distinction and deem it unnecessary to discuss this point any further.
The purpose of a devolutive bond is to afford security for court costs in an amount which “shall be fixed by the trial court * * *.” Suspensive appeal bonds, in addition to affording security for the judgment, also afford security for court costs. LSA-C.C.P. art. 2124. The greater includes the lesser and one bond will suffice for both. Emmco Ins. Co. v. Gautier, 67 So.2d 499 (La.App. Orleans 1953); Doll v. Dearie, supra.
In this case the trial judge did not fix separately the amount of bond necessary for security of costs. It was not necessary that he fix the amount of the suspensive appeal bond because that .is determined by law; however, the trial court did fix the amount of bond at $34,000. Since the bond was “fixed by the trial court” it met the requirement of LSA-C.C.P. art. 2124 for both a suspensive and a devolutive bond. Bernheim v. Pessou, 143 La. 609, 79 So. 23 (1918). In that case the Court distinguished Lochbaum v. Southwestern Box & Lumber Mfg. Co., 120 La. 98, 44 So. 998 (1907), and said:
“The reason why the appeal was dismissed in the case here cited [Lochbaum] was that the bond could not avail for a suspensive appeal because it had not been filed in time, and could not avail for a devolutive appeal because the amount had not been fixed by the judge. In the instant case the bond was filed in time, *749 and hence can avail for the suspensive appeal; and it is in the amount fixed by the judge, and hence can avail for the devolutive appeal. All that is necessary to maintain an appeal is that a bond in the right amount be filed. Where both appeals have been asked, the one bond will serve for the suspensive appeal if filed in time; if not, then, for the de-volutive. * * * ” (Emphasis added.) 79 So. at 23.
After the $34,000 bond was challenged and held invalid, the appellants, apparently being unable or unwilling to furnish a new bond in that amount, but desiring to maintain their appeal as devolutive, moved the court to fix specifically the amount of bond necessary as security for costs in accordance with LSA-C.C.P. art. 2124. This security was included in the original bond but the amount was not specified. The purpose of the order fixing the amount required for the devolutive portion of the bond was to comply with article 2124, which requires the court to fix the amount. Without first obtaining such order the appellants were not at liberty to furnish a bond for some arbitrary amount even though it might have been adequate to cover cost only. This is what the appellant did in the Lochbaum case, cited above, and which the Court held was invalid since the trial court had not fixed the amount of the bond. The Court held the fixing of the amount of the devolutive bond was not the prerogative of the appellant, but of the trial court only. That case and others which we have cited were decided under the provisions of the Code of Practice, articles S73, 574, 575, and 579; but their substance is unchanged in the corresponding articles of the Code of Civil Procedure.
 In every appeal, whether it be denominated suspensive, devolutive, both, or neither, there is only one appeal; and if taken timely and bond timely furnished in the amount determined by law or as ordered by the court, the appellants’ right of appellate court review is insured. The time of filing and the amount merely determines its effect on execution of the judgment pending appeal. Ramizest v. Ramizest, supra; Graziani v. Elder & Walters Equipment Co., supra; Cortez v. Cortez, 175 La. 179, 143 So. 41 (1932); Lafayette v. Farr, 162 La. 385, 110 So. 624 (1926).
Clearly, therefore, the appeal ordered and perfected by filing of bond in the amount fixed by the court on November 12, 1968 remained in effect until the timely filing of the new bond on August 25, 1969, both as suspensive and devolutive. By obtaining the order of the court fixing specifically the amount of the devolutive portion of the bond and furnishing a new bond for that amount only, the appellants in effect abandoned their suspensive appeal as ap-pellee contends but they preserved and maintained their devolutive appeal. The bond filed was retroactive to the date of the original bond, November 12, 1968 and must be given effect accordingly. The appellee’s motion and argument for dismissal of the appeal is founded on the false premise that there was no order authorizing a devolutive appeal until the court’s order of August 20, 1969. The order of appeal of November 12, 1968 authorized a devolutive appeal.
 The conclusion we have reached in this case is consistent with the jurisprudential rule that appeals are favored in law and should be maintained except when clearly not in accordance with law. Gulf States Utilities Co. v. Dixie Elec. Mem. Corp., 248 La. 458, 179 So.2d 637 (1965); New Orleans & N. E. R. Co. v. Louisiana Public Service Comm., 245 La. 786, 161 So.2d 272 (1964); Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962).
For these reasons the motion to dismiss the appeal is maintained insofar as it seeks dismissal of the suspensive appeal and denied insofar as it seeks dismissal of the devolutive appeal.
Motion to dismiss maintained in part; denied in part.