BOUTALL, Judge.
Defendant-appellee, William C. Fatjo, Inc., files this motion to dismiss the sus-pensive appeal taken by Frank’s Casting Crew and Rental Tools, Inc., for failure to comply with article 2123 of the Code of Civil Procedure. It is urged to us that the judgment was rendered September 3, 1971, and that the appeal was not taken until December 6, 1971, and thus the period for taking a suspensive appeal had lapsed. The appellant responds that it did not pray for or seek to take a suspensive appeal but alleged that it desired only a devolutive appeal and has filed a cost bond for a devol-utive appeal. Respondent prays that we order the appeal taken to be a devolutive appeal and not a suspensive appeal.
We note that the dates mentioned are indeed correct, and that on December 6, 1971, the trial judge signed an order granting “a suspensive and devolutive appeal as prayed for • in the foregoing petition” and fixed a bond in the sum of $250.00 “in ac *614 cordance with the law.” The petition for appeal prayed as follows:
“Petitioner prays for an order of appeal, devolutively, from said judgment, sfr >1
We are of the opinion that our pronouncements in the case of Lakeside Rambler Sales, Inc. v. Durad Corporation, 228 So.2d 745 (La.App. 4th Cir., 1969) are determinative of the issues here presented. In that case we said:
“In every appeal, whether it be denominated suspensive, devolutive, both, or neither, there is only one appeal; and if taken timely and bond timely furnished in the amount determined by law or as ordered by the court, the appellants’ right of appellate court review is insured. The time of filing and the amount merely determines its effect on execution of the judgment pending appeal.” 228 So.2d 749.
Thus we are of the opinion that in this case, and it is so conceded, the petition for appeal was filed too late to support a sus-pensive appeal. However, it was timely filed for a devolutive appeal. The bond was also timely filed and was fixed by the court. Whether it is a suspensive appeal bond ■ or a devolutive bond it satisfies the requirements of a devolutive appeal bond and was fixed by the court.
For these reasons we are of the opinion that the appeal taken is a devolutive appeal and not a suspensive appeal. We would maintain the motion to dismiss filed before us only to the extent of saying that this is not a suspensive appeal. There still stands before us a valid devolutive appeal, which is all that appellant was seeking.
Therefore the motion to dismiss is maintained in part insofar as it applies to the suspensive nature of the appeal, however, it is denied in part insofar as it may seek dismissal of the devolutive appeal.
Maintained in part, denied in part.