PONDER, Judge.
Plaintiff appealed from the dismissal of his suit for damages to his automobile caused by a falling tree.
The sole issue is the sufficiency of proof of ownership of property on which the tree falls.
We reverse and render.
Plaintiff’s vehicle was damaged by a falling tree while parked near his apartment on the night of a somewhat severe thunderstorm.
His cause of action is based on strict liability. Loescher v. Parr, 324 So.2d 441 (La. 1975). One of the elements to be proved is that defendant was the owner or custodian of the defective instrumentality. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Loescher v. Parr, supra.
The evidence of ownership was the testimony of an expert surveyor, who testified that, at the behest of plaintiff’s attorney, he performed a survey to determine upon whose property the tree was located. He used the certified copy of an act of sale to defendant which was provided by plaintiff’s *472 attorney. The survey indicated that the tree was situated on the property described in the act of sale, which, however, was not introduced into evidence.
The trial court erred in concluding that the best evidence rule would require plaintiff to introduce the public records.[1] In Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971), the court stated:
“Proof by direct or circumstantial evidence is sufficient to constitute a preponderance, when, taking the evidence as a whole, such proof shows that the fact or causation sought to be proved is more probable than not.”
The surveyor’s testimony as to ownership of the property was received without objection as was his survey showing that the decayed tree was located on defendant’s property. There was no contradictory evidence. Under these circumstances, plaintiff has established that it was more probable than not that defendant was the owner of the property in question. C.C. Art. 2275 [2] is inapplicable under these circumstances because the evidence was not being adduced to effect a transfer of immovable property but to prove the fact of ownership; the title to the property was unaffected.[3]
An expert in automobile damage appraisal testified the damage to plaintiff’s Toyota was $1,479.50. Defendant introduced no evidence to contradict this. Accordingly, we will award plaintiff $1,479.50 for the damage to his vehicle.
Plaintiff also claimed damages for a rental vehicle used while the repairs to his Toyota were being made. Because of the lack of proof, we reject this claim.
For the foregoing reasons, the judgment of the trial court is reversed. There is now judgment in favor of plaintiff and against the defendant in the sum of $1,479.50 together with legal interest from date of judicial demand and all costs. The expert witness fee of J. W. Campbell is fixed at $50.00 and cast as costs.
REVERSED AND RENDERED.

. “[T]he court feels that the plaintiff has not established a prima facie case by a preponderance of the evidence. ‘The best evidence rule requires a plaintiff to establish his demand with the best proof the nature of the thing would permit.’ Al Smith’s Plumbing v. River Crest, Inc., 365 So.2d 1122 (La.App.4th Cir.1978).
In this case, the best evidence would be the public records and without these records, the plaintiff has failed in sustaining his burden. ...”

. C.C. Art. 2275:
“Every transfer of immovable property must be in writing; but if a verbal sale, or other disposition of such property, be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property thus sold.”

.See Hayes v. Muller, 245 La. 356, 158 So.2d 191 (1963); Wampler v. Wampler, 239 La. 315, 118 So.2d 423 (1960); Bernheim v. Pessou, 143 La. 609, 79 So. 23 (1918); Fontenot v. Fontenot, 175 So.2d 910 (3d Cir.1965).