Weil vs. Schwartz.

## No. 13,083.

MARX WEIL VS. M. SCHWARTZ

| | |
|---|---|
| 1 51 | 1547 |
| 152 | 354 |
| 52 | 1175 |
| 51 | 1547 |
| 111 | 938 |
| 51 | 1547 |
| 114 | 705 |
| 51 | 1547 |
| f119 | 703 |

### SYLLABUS.

ON MOTION TO DISMISS.

When by order of court a suspensive appeal has been allowed on appellant's furnishing bond in an amount fixed by the judge, and bond has been furnished accordingly, the appeal will not be dismissed because it cannot be sustained as a suspensive appeal.

Though not good as a suspensive appeal, it would still stand as a devolutive appeal. 1 Rob., 324; 3rd Rob., 63; 9th Rob., 185; 5th Ann., 360; 2nd Ann., 462; 755; 10th Ann., 316; 11th Ann., 687; Succession of Armat, 20th Ann., 320; Succession of Keller, 39th Ann., 223; Succession of Bey, 49th Ann., 219; Michenor vs. Reinach, 49th Ann., 360; Bank of Minden vs. Lake Bisteneau Lumber Co., 47th Ann., 1432; Colomb & Gondolfo vs. McQuaid, 36th Ann., 371; Montan & Brothers vs. Whitley, 12th Ann., 175; Chaffe vs. Carroll, 34th Ann., 122.

ON THE MERITS.

1st. COLLATERAL ATTACKS.—The tribunal had jurisdiction over the subject matter and over the persons, and the proceedings were not void. HELD: The title was not subject to collateral attack against a bona fide purchaser.

2nd. THIRD PERSONS IN GOOD FAITH.—The purchaser at a sale made under the order of the court, is not bound to look beyond the decree recognizing its necessity.

3rd. NO CONFLICTING INTEREST.—The mother, survivor in community and tutrix of her minor children, in matter of the sale, had a common interest and not a conflicting interest; properly she represented the children.

4th. PAYMENT OF A DEBT.—The interests of the survivor in community and of the tutrix in the payment of a debt resting on the latter's property, are not adverse interests.

5th. UNDER TUTOR.—The court presumes that the under tutor who was present and signed the inventory, had resigned on account of his interest being opposed to the minors', as another person appears as undertutor in subsequent proceedings.

ON APPEAL from the Civil District Court for the Parish of Orleans, *Rightor, J.*

*E. Evariste Moise* (and E. B. Kruttschnitt of counsel) for Mark Weil, Plaintiff in Rule and Appellee.

*Lazarus & Luce* for E. B. Benjamin, Defendant in Rule and Appellant.

*Dinkelspiel & Hart* for the Civil Sheriff of the Parish of Orleans, Appellee.

Submitted on motion to dismiss, March 20, 1899.
Opinion on motion to dismiss, April 3, 1899.
Argued and submitted on merits May 20, 1899.
Opinion handed down May 29, 1899.
Rehearing refused June 27th, 1899.

On the merits by Breaux, J.

### ON THE MOTION TO DISMISS.

The opinion of the court on the motion to dismiss was delivered by Nicholls, C. J. The plaintiff foreclosed a mortgage note. The property was sold and adjudicated to E. V. Benjamin. Benjamin failing to comply with the adjudication, the property was ordered to be resold at his expense.

He, thereupon sued out an injunction, which being tried in the District Court, resulted in a judgment in favor of Weil and against Benjamin, condemning him to comply with the adjudication, and to accept the deed tendered him by the sheriff, and to pay into the latter's hands the amount of the adjudication, to-wit: the sum of five thousand three hundred and forty-five dollars.

Benjamin applied for and obtained an order for a suspensive appeal. The court fixed the amount of the bond at two hundred and fifty dollars, and it was furnished accordingly.

Appellee moved to dismiss the appeal on the ground that the amount of the bond is not sufficient to justify a suspensive appeal.

That proposition may be true, but it does not lead up to the dismissal of the appeal. "When by order of court a suspensive appeal has been allowed on appellant's furnishing bond in an amount fixed by the court and bond has been furnished accordingly, it will not be dismissed because it cannot be maintained. Though not good as a suspensive appeal, it stands good as a devolutive appeal."

Succession of Bey, 47th Ann., 219; Succession of Armat, 20th Ann., 340; Succession of Keller, 39th Ann., 579; Duperron vs. Van Wickle, 1st Rob., 324; Tipton vs. Crow, 3rd Rob., 63; Jones vs. Frellsen, 9th Rob., 185; Surget vs. Stanton, 10th Ann., 318; Rachel vs. Rachel, XIth, Ann., 687; Michener vs. Reinach, 49th Ann., 360.

The motion to dismiss is hereby denied and the appeal maintained.
Monroe, J., takes no part, as he was not a member of the court.
when the case was submitted.

### On the Merits.

Breaux, J.   This was a suit to compel the adjudicatee to comply
with the terms of the adjudication and take title.

The following we take as a correct statement of the facts relating
to the issues upon which we have determined to pass.

Marx Weil sued out executory process against Moses Schwartz.
The property mortgaged was seized and adjudicated to E. V. Benja-
min for the sum of five thousand, nine hundred and forty-five dol-
lars.   Title was tendered to the adjudicatee, who did not accept it,
whereupon the property was again advertised to be sold, but the sale
was arrested by an injunction filed by Benjamin, the adjudicatee,
against the sale, on the ground that the proceeding was unauthorized;
that he was entitled to a good and valid title, and he further alleged
that there were serious defects in the title tendered.

In his petition for an injunction Benjamin averred, as relates to
the title, that it was defective, because the property was adjudicated
to Moses Schwartz, the seized debtor, under a decree rendered in a
proceeding for a partition which had not been preceded by a family
meeting to fix the terms of sale.

It appears that the parties interested did not wish to hold under
the first title to which we have just referred, and that, in consequence,
a family meeting was held (under Section 2667 of the Revised Stat-
utes, relating to the sale of minor's property), for the purpose of of-
fering another and second title to the vendee.

It was on the petition of Mrs. Brown, tutrix, setting up that all the
proceedings taken for the partition and sale were illegal and irregu-
lar, for the reason that the undertutor was not qualified; that a family
meeting was convoked for the purpose of selling the property to affect
a partition and to fix the terms of sale of the property.

She alleged in her petition that the adjudicatee was willing to
accept the title upon its being properly ratified by a family meeting
and the court.

The proper order for a family meeting was granted, and among the
members of the family meeting appointed, was Augustus B.

Wheeler, a creditor. The family meeting was held and ratified, and the sale made in the first partition proceedings.

The family meeting, in addition, recommended that the tutrix of the minors should be authorized, agreeably to the provisions of Article 2667 of the Revised Statutes, to sell the undivided half interest of the minors at private sale, and to that end appraised the property as required, and recommended that it be sold at private sale on the same terms and conditions that the property had been previously adjudicated.

Against the title under private sale, Benjamin urged that the family meeting that authorized it, was not properly constituted, for the reason that one of the members of the family meeting, Augustus B. Wheeler, was incompetent, as he was a mortgage creditor of the owners of the property, made apparent as such, by the mortgage certificate annexed to the deed under which Moses Schwartz acquired.

Benjamin also interposed the objection that the tutrix who represented the minors in the family meeting and partition and sale proceedings was incompetent, as she had conflicting interests, and that the minors should have been represented by an undertutor.

The validity or invalidity of Benjamin's title is the important issue.

A number of other issues were raised. We passed them without comment and gave our attentive consideration to the questions raised regarding the title. It is, in our view, valid and legal. A decision so decreeing, we take it, settles the whole controversy.

1st. The appointment of Wheeler, a mortgage creditor of the owners of the property, as a member of the family meeting, gives rise to one of the questions for decision.

The attack here is not directly made against the judgment of the court approving the recommendations of the family meeting. It is not a direct attack upon a judgment between the parties to it. It may, we think, be considered as a collateral attack. If there was error in appointing this creditor as a member of the family meeting, it was the judicial error of the judge by whom the appointment was made in the proceedings long anterior to those under which the adjudication here was made. The law authorizes an appeal contradictorily from such judgment or an action of nullity, but it does not authorize a collateral attack as here made.

2nd. We are not inclined to rest our conclusion, as regards this

point, on the grounds just stated, although it does seem to us that the informality invoked by the attacking party was one anterior to the judgment, which could not be inquired into collaterally.

We are quite convinced that third persons, innocent parties, acquiring rights to property at public sales are entitled to some protection. They are not bound to inquire into the validity and regularity of every judgment rendered in prior proceedings. These proceedings were conducted contradictorily with all parties concerned in a court of competent jurisdiction.

In a well considered case, this court said: "It is the well settled jurisprudence of this court that the purchaser at a sale made under an order of the Probate Court, which is a judicial one, is not bound to look beyond the decree recognizing its necessity."

Again—"The purchaser at a judicial sale of property of the succession is not bound to look further back than the order of court ordering the sale." Citing a number of decisions. Webb *et al.* vs. Keller *et al.,* 39th Ann., 67; William R. Messick vs. Mayer, handed down this day.

The *syllabus* in Benedict vs. Bonnot et al., 39 Ann., 972, entirely covers the principle on this point.

"If heirs and creditors remain silent and inactive, and permit the property to pass by a public sale into the hands of strangers, purchasers and third persons accepting title from them are fully protected."

Moreover, nothing shows that the purchaser had any notice of the incompetency of any member of the family meeting. *Non constat* that he knew that Augustus B. Wheeler was a member of the family meeting, or that he knew that he (Wheeler) had any adverse interest to the minors, for the fact does not appear of record.

Gilmer, Tutor vs. Winter *et al.,* 47th Ann., 39, is in some respects a parallel case. It sustains our view upon the subject.

We take up for decision the adjudicatee's (Benjamin's) objection, next in order of points pressed upon our attention.

3rd. The tutrix of the minors having an interest (he asserts) in conflict with the minors, she was incompetent to represent them in the partition proceedings. While it may be, that there was a community between the tutrix and the father of the minors, as urged by this adjudicatee, (which was dissolved by the latter's death), the record shows that the tutrix had no interest in the property. It was

owned in indivision, one-fourth to each of the minors and one-half to Hugh Brown (formerly one of the owners), in regard to whose interest there can be no question here.

. It follows that the adjudicatee's objection is not sustained by the facts. It being manifest that the tutrix had no interest in the property, the contention of the adjudicatee has no foundation.

. 4th. But the adjudicatee apprehends that the title is not good for the reason, he avers, that the tutrix had community property, and the debt to Wheeler, he assumes was a community debt, and, in consequence, on that theory, she had an interest in the payment of that debt, and the sale of the property to that end.

It is settled, we think, that purchasers at sales are protected from such objections by the decree of the court ordering the sale.

If the court, however, should hold that one intending to buy, must look beyond the decree recognizing its necessity, and make himself familiar with all the facts having the least bearing, and guard against all irregularities of any nature arising therefrom, it still does not appear to us that the tutrix had an interest antagonistic to that of her children. It would have been at most a common interest between her and the children. It does not appear, however, with any degree of certainty, that the mortgage debt to Wheeler was one in which she had any concern as a debtor, and that she was benefited by the cancellation to which it appears he consented.    The title, in our view, transferred the property completely.    We have not found that these minors, on the ground just mentioned, have, under our jurisprudence, the least ground to complain.    There was not, as we appreciate the facts, any necessity whatever to appoint tutors *ad hoc* to represent the minors.    There was no conflict of interest between them and their tutrix.    The decisions to which we are referred by counsel for Mr. Benjamin were rendered in cases in which the tutrix or tutor had an adverse interest to that of the minors.    Not the case here.

5th.    Counsel invites our attention to another asserted invalidity, which had, it seems, at first escaped most careful scrutiny.    It is that Hugh Brown, the co-owner, was the undertutor of the minors, and none the less that, as co-owner, he stood as plaintiff in the partition proceeding.    Two family meetings were held, one prior to the sale to effect a partition, wherein the family meeting recommended the terms of sale, which, for some reason, the tutrix chose not to consider com-

plete, and another family meeting held to ratify the public sale, or to recommend steps to be taken in order to transfer a good title, which resulted, as before stated, in recommending a private sale under the statute 25 of 1878 to effect the partition.

These family meetings were held in 1888. Henry V. Ogden was the undertutor, and not Hugh Brown. We infer the latter who signed the proceeding or inventory in 1887, had resigned, and that he was succeeded by Ogden. · Brown was not a party to the sale as undertutor. ·He already, we must infer, had been succeeded by Ogden. This point, made by counsel for Benjamin, we conclude, was based on a misunderstanding of the facts.

The sale was preceded by the required partition proceedings, in which the tutrix properly represented the minors. The terms were fixed by a family meeting, appraisement was made and all the proceedings received the court's sanction, as shown by the court's decree.

There is nothing defective or incomplete about the title. It only remains for us to affirm the judgment of the District Court.

For reasons assigned, it is affirmed.