(36 South. 31.)

No. 14,711.

Succession of WATT.

(March 2, 1903.)

SUSPENSIVE APPEAL—TUTORSHIP—DUTIES OF FATHER.

On Motion to Dismiss.

1. An appeal from a judgment revoking an order appointing a tutor and appointing a special tutor in place of him whose appointment is thus vacated, will be dismissed as a suspensive, and maintained as a devolutive, appeal.

On the Merits.

2. The father cannot be excused from the obligation of accepting the tutorship of his own children. Civ. Code, art. 301. He cannot abdicate his tutorship, and permit another person to be appointed tutor. Such an appointment is null. James v. Meyer, 7 South. 618, 41 La. Ann. 1103.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

In the matter of the succession of Harriet L. Watt. From a judgment revoking an order appointing a tutor, defendants in rule appeal. Affirmed.

Clegg & Quintero and Norton Roger Roberts, for appellants. Pierre Crabites, special tutor and curator ad hoc, for appellees Wheeler. Gus. J. Ricau, special tutor and curator ad hoc, for appellees Howcott.

On Motion to Dismiss Suspensive Appeal.

MONROE, J. This case is before the court on a motion to dismiss the "suspensive appeal" from a judgment revoking an order appointing a tutor to certain minors, and making an appointment of a special tutor in place of him whose appointment was thus vacated. It is admitted, on behalf of the appellant that, "when an appeal is taken from a judgment appointing or removing a tutor, such appeal does not suspend the execution of the judgment," but it is asserted that the appeal should be sustained as a devolutive appeal.

There seems to be no difference of opinion between the counsel upon the question presented, and there is none between the counsel and the court. The appeal taken not be allowed to suspend the execution of the judgment. Code Prac. arts. 580, 1059; State ex rel. Commagere v. Judge, 22 La. Ann. 116; Succession of Townsend, 37 La. Ann. 409. But it may be maintained as a devolutive appeal. Succession of Keller, 39 La. Ann. 579, 2 South. 553; Michenor et al., Trustees, v. Reinach, 49 La. Ann. 361, 21 South. 552; Weil v. Schwartz, 51 La. Ann. 1547, 26 South. 475.

It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed as a suspensive, and maintained as a devolutive, appeal.

On the Merits.

(Feb. 15, 1904.)

LAND, J. The opinion and decree of the court a qua is as follows, viz.:

"The Civil Code is clear in its provisions that the father cannot, for any cause whatever, be excused from the obligation of accepting the tutorship of his children. Article 301. This is an enactment in the interest of public order. Acts done in contravention of it are stricken with nullity. Civ. Code, arts. 11, 12; James v. Meyer, 41 La. Ann. 1100, 7 South. 618.

"Therefore my order appointing H. A. W.

Howcott legal tutor of the minors, Edith Howcott, Gladys Howcott, and Wm. H. Howcott, Jr., because it was represented to the court that their father, Wm. H. Howcott, was unwilling to accept their tutorship, and refused to comply with the laws of Louisiana for the qualification of tutors by nature, is an absolute nullity, and the letters of tutorship issued under said judgment are absolutely null.

"Both are hereby revoked, set aside, and annulled; and it is assumed that the father, being now fully advised of his duties in the premises, will at once proceed to qualify for and undertake the trust imposed upon him by law. Until he does so, however, necessity exists for the appointment of a special tutor to represent the minors in the pending partition proceedings.

"It is therefore ordered by the court, ex proprio motu, that the rule herein be made absolute, and that Gus. J. Ricau, Esq., be, and is hereby, appointed special tutor to represent said minors, Edith Howcott, Gladys Howcott, and Wm. H. Howcott, Jr., in the partition proceedings herein, and until their father, Wm. H. Howcott, shall have qualified as their natural tutor as directed by law."

H. A. W. Howcott and W. H. Howcott appealed. We have heretofore dismissed their appeal in so far as it was suspensive, but maintained their appeal as devolutive.

For the reasons assigned in the opinion of our learned Brother presiding in the court below, it is ordered, adjudged, and decreed that the judgment appealed from be affirmed; costs of appeal to be paid by appellants.