(79 South. 540)

No. 21368.

BRINKMAN et al. v. SUCCESSION OF POSEY et al.

(June 7, 1915.   On the Merits, May 27, 1918.
Rehearing Denied June 29, 1918.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⬤⇒356—APPEAL BOND —DEVOLUTIVE APPEAL.

Where the appellant asked for and obtained an order for a suspensive appeal, and, after the time allowed for perfecting a suspensive appeal had passed, but within the time for a devolutive appeal, filed a bond for the amount fixed by the judge for a suspensive appeal, the appeal will not be dismissed, but will be maintained as a devolutive appeal.

On the Merits.

2. INFANTS ⬤⇒39—MINORS—SALE OF PROPERTY—DEVIATION FROM STATUTORY PROCEDURE.

Act No. 25 of 1878, p. 47, authorizes the sale of the interest of minors in real property which is held in common with others at private sale for its appraised value; the appraisement to be made and the terms of the sale to be fixed by a family meeting; the proceedings to be homologated by the judge of probates of the parish in which the minor resides; and such is the mandate under which the representative of minors

acts in making a sale under said act. Any deviation from this mandate works an absolute nullity of the sale of the minors' property.

O'Niell, J., dissenting.

*(Additional Syllabus by Editorial Staff.)*

3. APPEAL AND ERROR ☞635(3)—TRANSCRIPT —OMISSION OF DOCUMENT—EFFECT.

Where the omission of a copy of a document from the transcript of appeal was not the fault of the appellant, who gave no instructions to the clerk of the civil district court for making up the transcript, the appeal should not be dismissed on account of such omission.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Petitory action by Ernest M. Brinkman and others against the Succession of Lloyd Posey and others. Judgment for plaintiffs, and defendants appeal. Motion to dismiss appeal overruled, and appeal maintained as a devolutive appeal, and judgment as amended, affirmed.

John Dymond, Jr., and A. Giffen Levy, both of New Orleans, for appellants. Benjamin Ory, of New Orleans, for appellees.

On Motion to Dismiss Appeal.

O'NIELL, J. The plaintiff, appellee, has moved to dismiss this appeal, and prays, in the alternative, that if it be not dismissed, it be decreed to be only a devolutive appeal. The reasons urged for demanding that the appeal be dismissed are twofold: (1) That the defendant prayed for and obtained only a suspensive appeal, and filed the appeal bond for only a suspensive appeal after the ten days allowed for filing a suspensive appeal bond had expired and after a motion to have the appeal dismissed and the judgment executed had been filed in the civil district court; and (2) that the transcript of appeal is incomplete, because it does not contain a copy of the motion filed in the civil district court for the dismissal of the appeal and for the execution of the judgment.

[1] The appeal bond was filed after the time allowed by law for perfecting a suspensive appeal. The appeal therefore is not suspensive; but the amount of the bond was fixed in the order of appeal, and the bond was filed in time to sustain a devolutive appeal. Under these circumstances the appeal must be maintained as a devolutive appeal. See Knoll v. Knoll, 114 La. 703, 38 South. 523, citing Succession of Keller, 39 La. Ann. 579, 2 South. 553; Succession of Bey, 47 La. Ann. 219, 16 South. 825; Michener v. Reinach, 49 La. Ann. 360, 21 South. 552; Weil v. Schwartz, 51 La. Ann. 1547, 26 South. 475; Succession of Watt, 111 La. 937, 36 South. 31.

[3] A certified copy of the document omitted from the transcript is annexed to and made part of the appellee's motion to dismiss this appeal. It does not appear that the omission of a copy of this document from the transcript of appeal was the fault of the appellant, who did not give any instructions to the clerk of the civil district court for making up the transcript. Hence the appeal should not be dismissed on account of this omission. See Hiller v. Barrow, recently decided, 80 South. —,[1] citing section 11 of Act No. 45 of Extra Session of 1870 and Cockerham v. Bosley, 52 La. Ann. 67, 26 South. 814, citing Philips v. His Creditors, 37 La. Ann. 701, Murphy v. Insurance Co., 33 La. Ann. 454, Borde v. Erskine, 33 La. Ann. 873, and Succession of Townsend, 36 La. Ann. 447.

The motion to dismiss the appeal is overruled, and the appeal is maintained as a devolutive appeal.

On the Merits.

SOMMERVILLE, J. Francis H. Brinkman became the owner of two vacant squares of ground in the Third district of the city of New Orleans, known as squares numbered 38 and 39, before his marriage to Mrs. Eliza

---

[1] 144 La. —.

E. Zimmer. After his marriage, he became the owner of other property, including 40 vacant squares of ground in the same district. The titles to these 42 squares, or parts of squares, are involved in this suit. His grandchildren, the four children of his son, Ernest M. Brinkman, and the two children of his daughter, Mrs. Julia Brinkman Lampton, are the plaintiffs in this petitory action, and they ask to be declared to be the owners of one-half of the squares numbered 38 and 39, and one-fourth of the 40 squares referred to above. These grandchildren, together with two children of Francis H. Brinkman, were the sole heirs of Francis H. Brinkman, Sr.

Defendants, answering, say that they acquired title from Francis C. Brinkman, one of the heirs of Francis H. Brinkman, who in turn acquired title from William Mitchell, who in turn acquired title from these plaintiffs, together with the grandmother and the other two heirs of Francis H. Brinkman, in pursuance of certain partition proceedings, entitled Mrs. E. E. Gerard v. Heirs of Francis H. Brinkman, and also in pursuance of partition proceedings in the Succession of Mrs. Julia F. A. Brinkman, Wife of John Lampton. Defendants allege the property to be valued at $15,000 and they claim title under the partition proceedings referred to, and had under Act No. 25 of 1878, p. 47, which act reads as follows:

"When two or more persons, some or all of whom are minors, hold property in common, and it is the wish of any one of them, or, if a minor represented by his tutor or tutrix, to effect a partition on the advice of a family meeting, duly convened according to law, to represent the minor or minors, said property may be sold at private sale for its appraised value, said appraisement to be made and the terms of said sale to be fixed by the family meeting, and said proceedings to be homologated by the judge of probates of the parish in which the said minor resides."

Plaintiffs attacked the partition proceedings under Act No. 25 on many grounds. The district judge gave judgment in favor of plaintiffs and against defendants, basing his judgment upon only one of the objections raised by plaintiffs to the sale of their property. He held that the inventory or appraisement and the report of the experts were illegal, and that the proceedings of the family meeting were nullities, and he set the sale aside.

In this court plaintiffs argue that the sale of their interests in the property were absolutely null for the further reason, appearing on the face of the papers, that the several pieces of property were sold for $300, when the family meeting appraised them at, and ordered them to be sold for, $400.

Defendants appealed from the judgment rendered against them.

The record shows that Mrs. Brinkman, who had become the wife and widow of E. E. Gerard, instituted judicial proceedings for the partition of the property belonging to her late husband, Francis H. Brinkman. In this partition suit she claimed to be the owner of one-half of all of the property in the name of her deceased husband, including the two vacant squares of ground, numbered 38 and 39, which belonged to Mr. Brinkman prior to their marriage. She appears to have overlooked their eldest son, Francis H. Brinkman, in this proceeding. She caused to be cited her son, Francis C. Brinkman, the minor heirs of her deceased son, E. M. Brinkman, and the minor heirs of her deceased daughter, Mrs. Julia Brinkman Lampton, through their tutors. She alleged the heirs, or groups of heirs, just referred to, was each one owner of one-sixth of the property. The minors, plaintiffs in this suit, were regularly cited through their tutors, and there was judgment rendered November 18, 1897, and signed November 24, 1897, decreeing Mrs. Gerard, the grandmother, to be the owner of one-half of all of the property, Francis C. Brinkman to be the owner of one-sixth, Ione

Lampton, one-twelfth, Wallace Lampton, one-twelfth, E. M. Brinkman, one twenty-fourth, Albert G. Brinkman, one twenty-fourth, George McD. Brinkman, one twenty-fourth, and Irene L. Brinkman, one twenty-fourth. The eldest son, Francis H. Brinkman, was not included in this judgment.

This judgment was not attacked in this proceeding, either directly or indirectly. The judgment regularly and definitely fixed the interest of each heir of Francis H. Brinkman; and plaintiffs are bound thereby. Each group of heirs is the owner of one-sixth of the property involved.

It further appears that Francis H. Brinkman, who was not made a party originally to the above proceeding, came into court and made himself a party thereto, ratified all of the proceedings, and reserved to himself the right to participate in the proceeds of the partition sale of the property.

The partition proceedings above referred to appear to have been abandoned; and no sale of the property was had thereunder.

On October 31, 1898, John D. Townsend, dative tutor of the minors Brinkman, four of the plaintiffs herein, together with the under-tutor of said minors, filed a petition in the suit of Mrs. E. E. Gerard v. Francis H. Brinkman (No. 53884), and asked that a family meeting be appointed under Act No. 25 of 1878 for the purpose of selling the interests of the Brinkman minors in and to the estate of their grandfather, Francis H. Brinkman, at private sale. An inventory was taken of the property, and a family meeting was held in the interest of the minors, wherein it was recommended that the property be sold for cash. The 40 squares were appraised by the family meeting at $200; "the interest of said minors is one-sixth, or the sum of $33.33⅓ for all, or the sum of $8.33⅓ to each of them." And the two squares of ground numbered 38 and 39 were appraised at the sum of $200; "the in-

terest of said minors is one-sixth, amounting to $33.33⅓ to all of them or the sum of $8.-33⅓ to each of them."

October 31, 1898, John D. Townsend, dative tutor of the minors Lampton, filed a petition in the Succession of Julia F. A. Brinkman (No. 43443) in which he asked that a family meeting be convoked, and that the minors' interests in their grandfather's estate should be sold at private sale. The family meeting appraised the 40 squares at $200, and declared "the interest of said minors amount to one-sixth thereof, amounting to the sum of $33.33⅓ for both minors, or the sum of $16.66⅔ for each," and the two squares numbered 38 and 39 were appraised at the sum of $100 each; "the interest of said two minors is one-sixth thereof, or $33.-33⅓ to both, or the sum of $16.66⅔."

The proceedings of both meetings were approved and homologated by the judges of the district court in which the proceedings had been instituted, and orders were issued reading:

"The tutor of the minors herein named is directed to sell, in conjunction with other co-proprietors, and at private sale, the minors' interest in the property described in said procès verbal, and on the terms and conditions recommended by said meeting, and to sign and execute the necessary deeds."

This was the mandate of the court, authorizing the sale of plaintiffs' property in the proceedings under which defendants claim to have acquired title.

[2] The mandate of the court was disregarded and disobeyed. The tutor of the minors, together with two of the three co-owners of the property, undertook to sell to William Mitchell the whole 42 squares hereinbefore referred to "for and in consideration of the price and sum of $300, which was paid in cash current money, the receipt of which is hereby acknowledged, and acquittance is granted for same." The appraisements made by the family meetings of the 40 lots was $200, and of the two lots was $200, making

143 La.—30

a total of $400; and the order of the court was to sell these pieces of property for $200 in each instance, making $400 for the 42 lots.

. Act No. 25 of 1878 is very clear in providing:

That minors' property "may be sold at private sale for its appraised value, said appraisement to be made, and the terms of said sale to be fixed by the family meeting, and said proceedings to be homologated by the judge of probates of the parish in which the said minor resides."

The mandate of the court and of the law was violated, and the property was not sold at its appraised value, $400. It was sold for $300. The sale of plaintiffs' property was an absolute nullity.

Defendants say that the nullity here referred to was not alleged, argued, or passed upon by the district court. But, as replications are unknown in judicial proceedings in this state, it was competent for plaintiffs to attack an absolutely null and void sale of their property without pleading such nullity, when it was offered in evidence by defendants; and, as the nullity appears on the face of the papers, it was properly presented to this court.

It is ordered, adjudged, and decreed that the judgment appealed from be amended by recognizing Ernest N. Brinkman, Albert G. Brinkman, George W. McD. Brinkman, and Mrs. Irene L. Cox, born Brinkman, as co-owners in indivision with defendants of the property described in the judgment appealed from, in the proportion of one twenty-fourth each for said Brinkmans, or one-sixth for the four, and Wallace S. Lampton and Miss Ione A. Lampton as co-owners in indivision with defendants of the property described in the judgment appealed from in the proportion of one-twelfth each for said Lamptons, or one-sixth for both, and, as thus amended, the judgment is affirmed at the cost of appellees.

O'NIELL, J., dissents.