LEWIS v. PROVENZANO, Appellant

———

(Oct. 15, 1923.  Opinion and Decree.)
(July 7, 1926.  Opinion and Decree on Motion to Dismiss Appeal.)

———

*(Syllabus by the Editor)*

1. **Louisiana Digest—Landlord and Tenant—Par. 121.**

The defendant in a suit for possession of leased premises meets the requirements of Section 2157, Revised Statutes for a "special defense" when he denies that he rented from the plaintiff, or that he has any contractual or other obligations of any kind towards plaintiff, and avers that he has paid all rent due by him.

2. **Louisiana Digest—Appeal—Par. 301.**

An appeal will not be dismissed when, if not good for a suspensive, it is good for a devolutive appeal.

3. **Louisiana Digest—Landlord and Tenant—Par. 121.**

A sworn special defense in suits for possession of leased premises is required only for a suspensive appeal; a devolutive appeal may be taken without that formality.

Appeal from Civil District Court, Hon. E. K. Skinner, Judge.

Action by Mrs. Hattie F. Lewis against Vincent Provenzano. There was judgment for plaintiff and defendant appealed.

Judgment denying motion to dismiss appeal.

John D. Nix, attorney for plaintiff, appellee.

Woodville & Woodville, attorneys for defendant, appellant.

CLAIBORNE, J.    This is a suit for possession of leased premises, under the landlord and tenant act, and acts amendatory thereof, for failure to pay rent.

The defendant denied each allegation of the petition and further averred:

"That he is renting the premises 1313 Coliseum street from Norman G. Figures, to whom he has paid his rent; that he owes nothing for rent; that he had no contractual obligation or obligation of any kind or character at all with the plaintiff herein and had nothing to do with the plaintiff, having rented the premises from Norman G. Figures to whom he paid his rent; that Norman G. Figures was a tenant of the plaintiff and the plaintiff had sued Norman G. Figures for the whole unexpired term of the lease from January 1st to September 30th, 1923, and Norman G. Figures with the knowledge, consent, and approval of the plaintiff herein rented the premises to your respondent, and respondent has paid the rent to Norman G. Figures from whom he rented the premises."

The defendant swore that all the facts contained in his answer were true.

From a judgment against the defendant he has appealed.

The plaintiff moves to dismiss the appeal on the ground that the defendant has "failed to file a special defense in accordance with Section 2157 of the Revised Statutes".

This section reads as follows:

"No appeal from any such judgment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain the possession of the premises, etc."

The defendant denied all the allegations of the petition, alleged that he rented the premises from Figures, to whom he has paid his rent, that he owed no rent, and that he has no contractual or other obligations of any kind towards the plaintiff. It would be difficult to conceive a more complete and sweeping special defense.

But another reason stares plaintiff in the face. That special defense is necessary only as a basis for a suspensive appeal. Defendant may take a devolutive appeal without setting up a special defense, and without swearing to his answer. State vs. Judge, 45 La. Ann. 1318, 14 South. 232; 7 Ct. App. 448.

The jurisprudence is constant that an appeal will not be dismissed in all cases where the appeal, if not good for a suspensive, is good for a devolutive appeal. 1 L. D., p. 36, Nos. 32, 33, 34, 36; Michenor vs. Reinach, 49 La. Ann. 360, 21 South. 552; M. L. & T. R. R. & S. S. Co. vs. Pecot, 50 La. Ann. 742, 23 South. 948; Stempel vs. Fulton, 51 La. Ann. 469, 25 South. 270; Brinkman vs. Succession of Posey, 143 La. 924, 79 South. 540; Cahn vs. Baccich & De Montluzin, 144 La. 1023, 81 South. 696.

There is no doubt that defendant is entitled to a devolutive appeal.

It is therefore ordered that the motion to dismiss this appeal be denied.