## CORTEZ v. CORTEZ.

No. 31865.

June 20, 1932.

Frank P. Kreiger, of New Orleans, for appellant.

Theodore Cotonio and Theodore Cotonio, Jr., both of New Orleans, for appellee.

ROGERS, J.

Mariano Cortez sued Katie Duffy Cortez, his wife, for a divorce, alleging that they had been living apart for more than seven years. Act No. 269 of 1916.

Defendant denied the separation averred in the petition; and reconvened for a divorce in her favor, grounding her action on the alleged adultery of her husband.

An exception of no cause of action urged by way of objection to evidence on the trial of the case was sustained by the court below and the main demand was dismissed as in case of nonsuit. The trial was then proceeded with on the reconventional demand, resulting, also, in the dismissal of that demand as in the case of nonsuit.

Mariano Cortez did not appeal from the adverse judgment against him, but Katie Duffy Cortez did appeal from the adverse judgment against her.

Appellee has filed a motion to dismiss the appeal so far as it be intended to operate as a suspensive appeal, on the ground that the appeal bond was filed too late to sustain the appeal as suspensive.

The judgment appealed from was rendered February 25, 1932, and signed March 2, 1932. Defendant moved for a suspensive and devolutive appeal, which the court below granted, making the appeal returnable May 4, 1932, upon appellant furnishing an appeal bond of $200. This bond was filed April 1, 1932, more than 10 days, exclusive of Sundays, after the judgment was signed.

■ This is not a case in which a divorce was decreed. Hence, Act No. 49 of 1871, p. 151, amending Code Prac. art. 573, providing that, in cases where the judgment decrees a divorce, an appeal must be filed within 30 days, not including Sundays, instead of 10 days, which appeal shall operate suspensively, no devolutive appeal being allowed thereafter, is not applicable. The appeal, therefore, is governed and must be tested by other articles of the Code of Practice. Cf. Knoll v. Knoll, 114 La. 703, 38 So. 523.

Appellant apparently does not dispute the position assumed by appellee in his action to dismiss since she asks that the appeal be sustained as devolutive.

The appeal, in effect, is only devolutive in character, because there is nothing in the judgment to suspend. No moneyed award was given and no divorce was decreed.

■ When an appellant obtains an order for both a suspensive and a devolutive appeal, or for either appeal in the alternative, it does not mean he has two appeals, but merely expresses the intention that, if, for any reason, the appeal should not stay execution of the judgment, it shall nevertheless afford the appellant an opportunity to reverse or amend the judgment. Lafayette v. Farr, 162 La. 385, 110 So. 624.

██ Under articles 573, 574, 575, and 579 of the Code of Practice it is not required that either the petition, motion for appeal, or appeal bond shall state whether a suspensive or devolutive appeal is applied for. The character of the bond and the time within which it is filed determine the character of the appeal. Grant v. Succession of Grant, 159 La. 535, 105 So. 611.

██ Where a suspensive and devolutive appeal has been taken, the one bond will serve for a suspensive appeal, if filed in time; if not, for a devolutive appeal. Bernheim v. Pessou, 143 La. 609, 79 So. 23.

██ The bond in this case was not filed within the prescribed time for a suspensive appeal, but it was filed within the time prescribed for a devolutive appeal.

For the reasons assigned the appeal herein is maintained as a devolutive appeal.