8 So.2d 288

## ROWLEY v. BIRD ISLAND TRAPPING CO.

### No. 36604.

### April 27, 1942.

Richard A. Dowling, of New Orleans, for plaintiff and appellant.

Leander H. Perez, of New Orleans, for defendant and appellee.

HIGGINS, Justice.

The defendant and appellee filed a motion to dismiss the plaintiff and appellant's suspensive appeal on the ground that he had failed to comply with the provisions of Article 575 of the Louisiana Code of Practice by filing the suspensive appeal bond within ten days from the date the judgment was signed.

The plaintiff answered the motion averring that it was filed too late, or more than three days after the transcript was filed here.

It appears from the record that the plaintiff instituted suit to have the assignment of a trapping lease by himself to the defendant annulled and set aside because the charter of the defendant corporation had been revoked. In a supplemental petition, he prayed for a temporary restraining order and an injunction to restrain the officers and agents of the corporation from going upon the lands covered by the lease and the assignment and trapping the fur bearing animals thereon, and from selling the pelts. Upon the plaintiff furnishing bond in the sum of $250, the trial court issued a temporary restraining order, but later modified the order so as to permit the trappers already employed by the defendant to continue their operations and/sell the pelts through a representative appointed by the court, who was required to deposit 35% of the money in the registry of the court. The defendant filed exceptions of no right and no cause of action, which were maintained

by the trial judge, who dissolved the restraining order and dismissed the plaintiff's suit. The plaintiff filed a petition for a suspensive and a devolutive appeal and obtained the proper order therefor, the bond for the suspensive appeal being fixed at $2,500 and the bond for the devolutive appeal being fixed at $50. The appeal bond of $2,550 was filed on the thirteenth day, exclusive of Sundays, and the transcript was timely lodged in this Court. The defendant filed its motion to dismiss the appeal.

In the case of Thompson v. Jones, 200 La. 437, 8 So.2d 286, this day decided, the plaintiff took a suspensive and a devolutive appeal from the judgment of the district court rejecting his demands, and the defendant moved to dismiss the suspensive appeal on the ground that the appeal bond was filed more than ten days from the date the judgment was signed. We held that where the plaintiff's action was rejected in the trial court, there was nothing to execute and, consequently, there was no necessity for a suspensive appeal and although the bond had not been filed within the ten days from the date of the signing of the judgment, the appeal was perfected as a devolutive one and refused to dismiss the appeal.

In the instant case, the plaintiff's suit was dismissed and the temporary restraining order was dissolved. Therefore, the above authority is in point and decisive of this case.

For the reasons assigned, the motion to dismiss the appeal is denied.