PONDER, Justice.
 

 The defendant moves to dismiss the plaintiff’s appeal on the ground that the bond fixed by the trial judge for a suspensive appeal was not filed within ten days from the date the judgment was signed.
 

 The plaintiff brought suit 'against the defendant seeking to recover a money judgment. On trial, the lower court gave judgment rejecting the plaintiff’s demands. The judgment was signed in open court on January 10, 1945.
 

 On January 17, 1945, the lower court executed an order granting the plaintiff a suspensive appeal returnable to thi,s Court on March 12, 1945, upon his furnishing bond in the sum of $250. The plaintiff furnished an appeal bond in the sum of $250 on February 14, 1945.
 

 The defendant contends that the appeal should be dismissed for the reason that the bond was not furnished within the time required to perfect a suspensive appeal, and that no order for a devolutive appeal was granted by the lower court.
 

 There could be no occasion for a suspensive appeal in this case for the reason that there is nothing to suspend. The judgment appealed from is merely a rejection of a money demand. Cortez v. Cortez, 175 La. 179, 143 So. 41; Thompson v. Jones, 200 La. 437, 8 So.2d 286; Rowley v. Bird Island Trapping Co., 200 La. 442, 8 So.2d 288; 5 L.L.R. 278.
 

 The fact that the order of the lower Court granting the appeal designates it as suspensive is of no moment for the reason that the amount of the bond and the time within which it was filed determine the character of the appeal. Succession of John Keller and Wife, 39 La.Ann. 579, 2 So. 553; Cortez v. Cortez, supra.
 

 In this case, the bond was not filed within the time required by Article 575 of the Code of Practice to perfect a suspensive appeal. However, it was timely filed for a devolutive appeal. It is well settled that this Court will not dismiss an appeal when the bond is not filed within the time prescribed for a suspensive appeal but is filed within the year. It will be sustained as devolutive. Succession of John Keller Wife, supra; Succession of Elizabeth Bey, 47 La.Ann. 219, 16 So. 825; The Bank of Minden v. The Lake Bisteneau Lumber Co., 47 La.Ann. 1432, 17 So. 832; Michenor v. Reinach, 49 La.Ann. 360, 21 So. 552; State ex rel Robinson Mineral Springs Co., Ltd., v. King, 49 La.Ann. 1527, 22 So. 806; Weil v. Schwartz, 51 La.Ann. 1547, 26 So. 475; Schwan v. Schwan, 52 La.Ann. 1183, 27 So. 678; Succession of Watt, 111 La. 937, 36 So. 31; Knoll v. Knoll, 114 La. 703, 38 So. 523; Helmes v. Pailet, 126 La. 497, 52 So. 676; Brinkman v. Succession of Posey, 143 La. 924, 79 So. 540; Thompson v. Jones, supra.
 

 
 *83
 
 The plaintiff contends that there is no time limit fixed for the filing of suspensive appeal bonds in the Parish of Orleans. He points out that Act 163, sec. 6, of 1898, now set forth in Dart’s Code of Practice in Article 145.7 and Dart’s Louisiana General Statutes § 1504, applies only to the district courts other than the Civil District Court for the Parish of- Orleans.
 

 Under the provisions of Article 575 of the Code of Practice, the appeal must ,be perfected within ten days after the signing of'the judgment in order to suspend its execution. In order to perfect the appeal, the bond must be furnished within that delay. Campbell v. F. Hollier & Sons, La.App., 4 So.2d 101, 576; Shepart v. Unity Industrial Life Ins. Co., La.App., 10 So.2d 400.
 

 We have therefore concluded that the appeal should be sustained as devolutive.
 

 For the reasons assigned, the motion to dismiss the appeal is denied.