49 So.2d 658 (1950)
COURVELLE
v.
ECKART.
No. 3312.
Court of Appeal of Louisiana, First Circuit.
December 22, 1950.
*659 Robt F. DeJean, Opelousas, for appellant.
Andrus & Thistlethwaite, Opelousas, for appellee.
DORÉ, Judge.
The plaintiff has filed a petitory action, which by its nature admits possession in the defendant, in which he prays to be decreed the true and lawful owner of the following described property, to-wit: "A certain lot or parcel of ground, situated in the Parish of St. Landry, State of Louisiana, and being more specifically designated as the 2.80 acres as set out in a plat of survey made by M. J. Goudeau, Jr., C. E., dated March 29, 1948, which said plat is attached hereto and made a part hereof."
The defendant filed a plea of prescription of ten years under the provisions of Article 3478 of the Revised Civil Code, and of thirty years under the provisions of Article 3548 of the Revised Civil Code. The minutes do not show any ruling by the trial judge specifically on these pleas. They were in effect referred to the merits and after trial by judgment of the District Court in favor of the defendant, in effect overruled. The plaintiff has appealed from the judgment against him. The defendant has filed in this Court a motion to dismiss the appeal on the ground that the time for taking such an appeal as provided for in Article 575 of the Code of Practice had elapsed and expired prior to the date of the request for and the granting of the order of appeal.
While it is true that the plaintiff did not ask for, nor was he granted a devolutive appeal, and also true that the time had elapsed for the taking of a suspensive appeal, the same question was presented to our Supreme Court in the case of Graziani v. Elder & Walters Equipment Co., Inc., 208 La. 80, 22 So.2d 841. It was held:
* * * "The defendant contends that the appeal should be dismissed for the reason that the bond was not furnished within the time required to perfect a suspensive appeal, and that no order for a devolutive appeal was granted by the lower court. * * *
"The fact that the order of the lower court granting the appeal designates it as suspensive is of no moment for the reason that the amount of the bond and the time within which it was filed determine the character of the appeal. Succession of John Keller and Wife, 39 La.Ann. 579, 2 So. 553; Cortez v. Cortez, supra [175 La. 179, 143 So. 41].
"In this case, the bond was not filed within the time required by Article 575 of the Code of Practice to perfect a suspensive appeal. However, it was timely filed for a devolutive appeal. It is well settled that this Court will not dismiss an appeal when the bond is not filed within the time prescribed for a suspensive appeal but is filed within the year. It will be sustained as devolutive. Succession of John Keller and Wife, supra; Succession of Elizabeth Bey, 47 La.Ann. 219, 16 So. 825; Bank of Minden v. Lake Bisteneau Lumber Co., 47 La. Ann. 1432, 17 So. 832; Michener v. Reinach, 49 La.Ann. 360, 21 So. 552; State ex rel. Robinson Mineral Springs Co., Ltd., v. King, 49 La.Ann. 1527, 22 So. 806; Weil v. Schwartz, 51 La.Ann. 1547, 26 So. 475; Schwan v. Schwan, 52 La.Ann. 1183, 27 So. 678; Succession of Watt, 111 La. 937, 36 So. 31; Knoll v. Knoll, 114 La. 703, 38 So. 523; Helmas v. Pailet, 126 La. 497, 52 So. 676; Brinkman v. Succession of Posey, 143 La. 924, 79 So. 540; Thompson v. Jones, supra [200 La. 437, 8 So.2d 286]. * * *"
*660 The motion to dismiss is overruled and the appeal sustained as a devolutive one.
The record shows that on December 29, 1902, William A. Baker, then being married to Mary Ellen Hanes, acquired a certain tract of land, situated in St. Landry Parish, known as the Wilkins or Long Point Plantation, containing Seven Hundred and Ten Acres, more or less.
In July 1904, Mr. Baker employed Mr. D. S. Edwards, a surveyor, to survey and plat his acquisition. Accordingly Mr. Edwards surveyed the property and drew a plat showing Mr. Baker's property, a part of which is hereto reproduced:

Both plaintiff and defendant, through their authors in title, trace their ownership to said William A. Baker.
On November 19, 1904, Baker sold to William A. Fouqua, his son-in-law, the following described property: "Seventy acres of land, more or less and all improvements thereon, situated in St. Landry Parish, La., and bounded as follows: North by W. A. Baker and the Bayou Bouef, South by Bayou Bouef, East by Public Road and West by Bayou Bouef, and known as the "Long Point Bend," and another forty (40) acre tract not involved in this litigation. (Underscoring ours.)
On November 8th, 1909, Fouqua transferred the property to William C. Beall, under the same description as given above.
On January 25, 1919, William A. Baker and his children opened the estate of Mary Ellen Hanes, averring in the petition that the said Mary Ellen Hanes, the wife of William A. Baker, had died, intestate, on April 9, 1905, which was after the sale to Fouqua, leaving an estate composed of both real and personal property, in community with the said Baker; that the other petitioners were the sole heirs of decedent; that the heirs accepted the succession unconditionally and desired to be sent in possession of the said property. On the same day and date, that is January 25, 1919, judgment was signed recognizing the said William A. Baker as surviving spouse in community, entitled as such to one-half, and the said other petitioners as the sole and only heirs of the decedent, entitled as such to the other one-half, or one-eighteenth to each, of all of the property left by the decedent, particularly the real estate. The real estate was described as given by the act of acquisition of Baker, and there was reserved therefrom certain acts of sale by Baker prior to the judgment of possession, particularly "Seventy acres, more of less, were sold to William A. Fouqua."
It appears that the said William A. Baker and heirs of his deceased wife did not care any longer to remain in indivision of the property which they had been put in possession. With the view of effecting a partition, the owners in indivision employed Mr. R. M. Hollier, the Parish surveyor of St. Landry Parish, to survey and plat the original purchase of William A. Baker, showing the property sold by Baker and the remaining property. On February 14, 1919, he submitted a plat or map showing the purported partition of the land between W. A. Baker, et al. On this plat of survey, Lot "B" is designated as having an area of 271.63 acres and as being the property of W. A. Baker; immediately to the south, the property is designated as having an area of 75 acres, and as being the property of Elizabeth Prescott, wife of K. J. Quirk; and immediately *661 south thereof, Lot "A" is designated as having an area of 76.92 acres and as belonging to C. B. Whipp. All of these properties are bounded on the west by a public road. (According to the testimony in the record, this public road was the old Garland-Washington Road). Lot "F" of the map is designated as having 71 acres and as belonging to W. C. Beall. It is easily discernible as the "Long Point Bend." It is bounded on the east by the public road, and on all other sides by Bayou Bouef.
On February 17th, 1919, the heirs of Mrs. W. A. Baker, and the said William A. Baker and others executed an act of partition and quit-claim before a notary public, wherein the said parties took cognizance of the map prepared by Mr. Hollier, the sales made by Mr. Baker, and the subdivision of the property into lots. The said plat by Mr. Hollier is annexed and made a part of the said deed, and paraphed "Ne Varietur" for identification with said Act by the notary public. In the said deed, the parties thereto specifically "recognize the title of W. C. Beall * * * in and to the property respectively indicated as belonging to them (him) on said plat, and abandon any and all rights, titles, or interest that we individually may have in and to any of said property." (Italics ours.)
It may be proper at this time to state that by virtue of this deed, the said William A. Baker received as his share of the property held in community Lot "B" as hereinabove described and as shown on the map of Mr. Hollier.
On August 29, 1919, William C. Beall transferred the property to Dr. Arthur E. Prince, under the following description: "A certain tract of land, together with all the buildings and improvements thereon, containing Seventy (70) acres, more or less, situated about one mile South of Garland station, in the Parish of St. Landry, State of Louisiana, in the south-western portion of Section Forty (40), in Township Four (4) South, Range Four (4) East, Louisiana Meridian, said tract being entirely enclosed except on the Northeastern side by a bend of Bayou Bouef having the shape of a sack, and being known as the "Long Point Bend" property, and being bounded as follows:
On the North-east by the old public road leading along Bayou Bouef from Washington to Garland, and on all other sides by said loop of Bayou Bouef." (Italics ours.)
On October 7, 1935, Mrs. Mary Prince Richardson and David C. Prince leased, for a period of three years, to the plaintiff the following described property, which undoubtedly was the property purchased by Dr. Prince from Beall described above, towit: "A certain tract of land, together with all buildings and improvements thereon, situated near Garland, in the Parish of St. Landry, State of Louisiana, containing 70 acres, more or less, lying in the Southwest corner of Section Forty (Sec. 40), in T-4-S., R-4-East, in the Bend of Bayou Bouef, and being bounded as follows: On the Northeast by property of Tom Quirk and on All Other Sides by Bayou Bouef."
On January 16, 1937, Mrs. Charlotte H. Prince, widow of Dr. Arthur E. Prince, sold to Mrs. Mary Prince Richardson and David Chandler Prince, all of her right, title and interest in and to the following described property situated in the Parish of St. Landry, State of Louisisana, to-wit: "Being part of Section Forty (40) and bounded North, South and West by Bayou Bouef, on the East by lands formerly belonging to T. C. Quirk, containing Seventy (70) acres, more or less, and located in Township 4 South, Range 4 East." (Italics ours.)
At this time it is proper to state that the record discloses that when Dr. Prince died, the date not being shown by the record, he left surviving him, Mrs. Charlotte H. Prince as surviving widow and three children, issue of his marriage with Mrs. Charlotte H. Prince, namely, Mary Prince, wife of Amos Richardson, David Chandler Prince and Virginia Prince, as his sole heirs. Virginia Prince, never having been married, died on October 26, 1934, leaving no child or descendant, or adopted child or adopted children or husband, and leaving as her sole heirs, her mother and her sister and brother. On November 9, 1935, her mother, Mrs. Charlotte H. Prince sold to Mary Prince Richardson and David Chandler Prince "all of her right, *662 title and interest in and to the real estate and property of said Virginia Prince situated in the State of Louisiana, or arising from ownership of her property in Louisiana." The Estate of Virginia Prince was duly opened in the Parish of St. Landry, and on February 29, 1940, judgment was signed recognizing Charlotte H. Prince as the surviving mother of Virginia Prince, and entitled as such to a one-fourth interest and Mary Prince Richardson and David Chandler Prince, as her surviving sister and brother, and entitled as such to a three-eighths interest to each of the interest of the decedent's property. The judgment further recognized the transfers of Mrs. Charlotte H. Prince of her rights, title and interest unto the said Mrs. Mary Prince Richardson and David Chandler Prince, and further sent into possession the said Mrs. Mary P. Richardson and David Chandler Prince into the following described property: "A certain tract of land containing Seventy (70) acres, more or less, situated in Section Forty (40) in Township Four South, Range Four East (T-4-S., R-4-E.), being located in the Bend of Bayou Bouef, and being bounded as follows: On the North, South and West by Bayou Bouef, and on the East by property formerly belonging to T. C. Quirk."
On November 6, 1943, Mary Prince Richardson, joined by her husband Amos Richardson, and David Chandler Prince sold to the plaintiff Emar Courvelle, also known as Amar Courvelle, the same property, described as follows: "A certain tract of land, together with all the buildings and improvements thereon, and all the rights, ways and appurtenances thereunto belonging, containing Seventy (70) acres, more or less, situated in the Southwestern portion of Irregular Section Forty (40), Township Four (4) South, Range Four (4) East, in St. Landry Parish, Louisiana, said tract of land being bounded and enclosed, except on the Northeast side thereof, by a bend of Bayou Bouef, the Northeast boundary being the old public road separating said property from that of Thomas Culver Quirk (formerly Thomas Quirk) and that of Opelousas-St. Landry Securities Co., Inc., (formerly Marcellus Courvelle). (Italics ours).
The defendant, about March 29, 1948, had Mr. M. J. Goudeau, Jr., a Civil Engineer, to survey and plat the property in dispute. According to his survey and plat thereof, together with the evidence introduced in this record, the property in dispute is in the northeast corner of the property sketched above, and is a part of "Long Point Bend."
Defendant's title is deraigned as follows:
As previously stated, on February 17th, 1919, by quit-claim and partition act between the heirs of Mary Ellen Hanes, the deceased wife of W. A. Baker, and the said W. A. Baker, the surviving husband, the said W. A. Baker received Lot "B" as shown by the plat of survey made by R. M. Hollier, Parish Surveyor, which said Lot "B" thereof is shown as having an area of 271.63 acres and being bounded on the west by a public road (which road has been identified as the Garland-Washington Road.)
On February 24, 1919, W. A. Baker sold to Antoine Dumas Thibodeaux, the following described property: "A certain plantation in this Parish, being a part of the Plantation formerly known as the Wilkins or Long Point Plantation, situated in Township Four, South, Range Four East, containing Three Hundred acres of land, more or less, bounded on the North by Venable and Thistlewaite Planting Co., on the South by Elizabeth Prescott, wife of K. J. Quirk, east by Thistlewaite Planting Company, and West by Bayou Bouef; the land herein sold being fully shown on a plat of survey made by R. M. Hollier, Civil Engineer, dated February 14, 1919, and filed and made part of an act of partition and quit-claim passed before D. L. Guilbean, Notary Public, on this day, and filed for recordation in the Recorder's Office of this parish, in which act a partition is made between the vendor herein and the heirs of Mary Ellen Hanes, deceased wife of the vendor:" (Italics ours).
Antoine Dumas Thibodeaux died, intestate, in August, 1932; his succession was opened on September 17, 1942. On September 19, 1942, his surviving widow and his sole and only heirs, all majors, were, by judgment of court, sent into possession of the following described property: "A certain *663 plantation or body of land at Garland Station, in the Fifth Ward of St. Landry Parish, Louisiana, with all buildings and improvements thereon, containing Two Hundred and Seventy-one and 63/100 (271.63) acres, bounded now or formerly as follows: North by G. R. Hazelwood, John R. Thistlewaite, et al, and Mrs. Sylvan Goudchaux, South by lands of Thomas Culver Quirk, East by John R. Thistlewaite, et al and Mrs. Sylvan Goudchaux, and West by Martha Haas, and G. R. Hazelwood, said property being located in Sections 40, 51 and 56, Township Four South, Range Four East, Louisiana Meridian."
On September 19, 1942, the widow and heirs of Antoine Dumas Thibodeaux sold to Richard O. Eckart, defendant, the property as described above.
Although in the sale by Baker to Thibodeaux, the western boundary of the tract is given as Bayou Bouef, yet the act states that it was the same property which he had acquired in the act of partition and quit-claim as shown by the plat of survey of Hollier, which map of survey clearly shows the property to be Lot "B", which is bounded on the west by the public road. It is well established jurisprudence in this State that the plat of survey governs, and therefore the act only transfers Lot "B" of the plat of survey. It is also to be noted that the widow and heirs of Thibodeaux interpreted the deed as such in that whereas the deed of Baker to Thibodeaux recites that the tract of land conveyed contained three hundred acres, more or less, yet they were sent into possession and sold to Eckart the property as containing 271.63 acres, as denoted by the Hollier plat of survey. Therefore under no stretch of the imagination or reasoning can it be said that the property involved in this suit was conveyed in these deeds.
However, since the defendant is in possession of the disputed 2.80 acre tract and since this is a petitory action, plaintiff must rely upon the strength of his title and not on the weakness of that of his opponent. In determining the strength of plaintiff's title, we must discuss the effect of the sale of Baker to Fouqua, of Fouqua to Beall, the quit-claim deed of Baker and the heirs of Mrs. Baker to Beall, of Beall to Dr. Prince, of the widow to the heirs of Dr. Prince, and of the heirs of Prince to plaintiff.
The following remarks are with reference to the sales of Baker to Fouqua and of Fouqua to Beall. It is to be noted that whereas the deeds bound the property transferred therein on the north by W. A. Baker and Bayou Bouef, yet it is likewise stated in the description that the property conveyed was the "Long Point Bend." Thus, we have an ambiguity susceptible of two meanings. In the first place, if we accept that the property transferred was bounded on the north by W. A. Baker and Bayou Bouef, according to the plat of Edwards, the 2.80 acre tract of land would have to be excluded from the "Long Point Bend". However, if we accept the fact that the property sought to be transferred was the "Long Point Bend" as shown by the survey of Mr. Edwards, then the whole "Long Point Bend", as sketched by Mr. Edwards, and well known as such, was transferred without any reservation in the deed and that therefore, 2.80 acre tract in contest was transferred.
Civil Code Article 1958 provides: "But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee."
Civil Code Article 2474 provides: "The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him."
Under these articles, and the jurisprudence interpreting them, we are of the opinion that Baker intended and did, without reservation, transfer the whole of the "Long Point Bend", which was definitely bounded on the north, west and south by Bayou Bouef and on the east by the Garland-Washington public road, thus including the tract of land in contest.
Yet, admitting for the mere sake of argument that we are mistaken in interpreting the sales of Baker to Fouqua and of *664 Fouqua to Beall, then we are of the opinion that the quit-claim and partition act of W. A. Baker and the heirs of Mrs. Mary Ellen Hanes, deceased wife of W. A. Baker, is the necessary authentic proof to complete Beall's claim of title to the 2.80 acre tract in contest. By that act Baker and the heirs of Mrs. Mary Ellen Hanes, by authentic act, have acknowledged that W. C. Beall is the owner of Lot "F", which lot is the "Long Point Bend" as platted on the Edwards' and Hollier's plats of survey, without any reservations. It amounts to full proof against them; it cannot be divided against them. It has completely divested them of any rights, title or interest in the 2.80 acre tract in contest in this suit.
We are fortified in our conclusion that the quit-claim and partition act completed Beall's chain of title to the whole of the "Long Point Bend", of course including the 2.80 acre tract in question, in that on August 29, 1919, some six months after the said quit-claim and partition act, we find Beall transferring unto Dr. Prince the whole of the said "Long Point Bend", as per the description of the property supra. The heirs of Dr. Prince conveyed the property to plaintiff under practically the same description as he acquired it.
Having come to the conclusion that plaintiff has shown a good and valid title as against the world, and that he is the owner thereof of the property in question, we now pass to the question of whether or not his ownership has been divested by the prescription of ten and thirty years as contended by the defendants.
With regard to the pleas of prescription of ten and thirty years, it suffices to say that the deeds are translative of property. However, the 2.80 acre tract was not included in any of the said deeds. Neither the defendant nor his predecessors in title acquired any property beyond their title. In order to tack on the possession of his authors in title, defendant must show a privity of contract. Regardless of the fact that he and his predecessors in title may have taken and had possession of the property in dispute, in amount to more than thirty years, it is necessary that there be a privity of contract and neither he, nor any of his predecessors in title, have had the possession of thirty years. Lacking that privity of contract required, the pleas were correctly overruled by the trial judge.
For these reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and it is hereby annulled, avoided and reversed. It is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff Emar Courvelle and against the defendant Richard O. Eckart, recognizing the said plaintiff as the true and lawful owner of a certain lot or parcel of ground, situated in the Parish of St. Landry, State of Louisiana, and being more specifically designated as the 2.80 acres as set out on a plat of survey made by M. J. Goudeau, Jr., C. E., dated March 29, 1948, which said plat is attached to the said petition and made a part hereof, and as such entitled to the full and undisturbed possession of the said property and ordering the said Richard O. Eckart to deliver possession of said property to the said plaintiff, Emar Courvelle, the defendant to pay all costs.
Reversed and rendered.