HARDY, Judge.
Plaintiffs instituted this action, praying to be decreed the owners of certain described property in Avoyelles Parish, and further seeking relief in the nature of damages for the value of timber allegedly wrongfully cut and removed from the property by the defendant. From a judgment recognizing plaintiffs as owners of the property, but rejecting their demands for a money judgment in the nature of damages, the plaintiffs appealed. Defendant answered the appeal, praying for the amendment of the judgment to the extent of recognizing defendant as owner of the property involved.
Before this court a motion to dismiss plaintiffs’ appeal has been filed on behalf of defendant. The motion alleges, as one of the grounds for dismissal of the appeal, that the appeal bond was not filed until some ten days after the expiration of the period of one year from the date of signing of the judgment.
The record before us shows that the judgment was rendered, signed and filed on September 30, 1958; the plaintiffs, by petition, obtained an order of appeal dated September 29, 1959; the order granting the appeal fixed the bond therefor in the sum of $300, and the bond was filed October 10, 1959.
 On the face of the record it is clear that the appeal was not timely perfected. This is a jurisdictional matter and it is well established that an order of appeal is ineffective unless the bond is timely filed. Lafayette, et al. v. Farr, et al., 162 La. 385, 110 So. 624; Bannister v. Chisesi & Longo, et al., La.App., 5 So.2d 145; DiFranco v. Thompson, La.App., 79 So.2d 147; Lusco v. McNeese, La.App., 86 So.2d 226; Calvert Fire Insurance Co., et al. v. Jones, et al., La.App., 93 So.2d 44; Guillory v. Reimers-Schneider Company, La.App., 94 So.2d 134.
Accordingly, it is ordered that the appeal be and it is hereby dismissed at appellant’s cost.