LUTHER E. HALL, Judge pro tem.
This matter comes before us on a motion filed by Liberty Mutual Insurance Company and Erwin W. Miles, plaintiffs and ap-pellees, to dismiss the appeal in this case on the ground that the appeal was not perfected within the delays prescribed by law.
The record shows that appellees obtained a money judgment in the Civil District Court against Ebb Harrison, defendant and appellant. The judgment below was signed on June 1, 1960 and on June 10, 1960 appellant filed a motion for a “suspensive and/or devolutive” appeal which motion was duly granted by the trial court, bond being fixed by the court at $50 for the devolutive appeal and “according to law” for the suspensive appeal.
Appellant did not file any bond of appeal until June 15, 1960 on which date he filed a bond in the sum of $1,500.00 as and for a “suspensive and devolutive” appeal.
The provisions of Articles 575, 578 and 593 of the Code of Practice, then in effect and governing here, demand that an appeal be taken within ten days (exclusive of Sundays) from the date of the judgment if same is to operate as a suspensive appeal and within one year dating from the judgment if the appeal be devolutive only.
It is well settled that the obtaining of an order of appeal within the time prescribed by law is unavailing unless the bond required by the order of appeal is also filed within such time. It is the filing of the bond which perfects the appeal. Graves v. Merrill Engineering Company, La.App., 148 So. 453; Bannister v. Chisesi & Longo et al., La.App., 5 So.2d 145; City of Baton Rouge v. Kiper, La.App., 96 So.2d 241; Dufour v. Christoffel, Jr., La.App., 121 So. 2d 22.
The bond in this case not having been filed within ten days, exclusive of Sundays, from the date of the judgment, the appeal in this case is inoperative as a suspen-sive appeal, but a sufficient bond having been filed within the year the appeal must be sustained as a devolutive appeal. Brinkman v. Succession of Posey, 143 La. 924, 79 So. 540; Knoll v. Knoll, 114 La. 703, 38 So. 523; Emmco Ins. Co. v. Gautier, La.App., 67 So.2d 499; Courvelle v. Eckart, La.App., 49 So.2d 658; Graziani v. Elder & Walters Equipment Co., Inc., 208 La. 80, 22 So.2d 841.
The motion is maintained as to the sus-pensive appeal; said appeal is therefore dismissed, but the appeal is maintained as devolutive.
Suspensive appeal dismissed.
Devolutive appeal maintained.