152 So. 759

## CORTEZ v. DUFFY.

No. 21865.

Jan. 29, 1934.

Frank P. Kreiger, of New Orleans, for appellant.

Theodore Cotonio and Theodore Cotonio, Jr., both of New Orleans, for appellee.

OVERTON, Justice.

This case was before us in June, 1932, on a motion made by plaintiff to dismiss the appeal. The appeal was maintained as a devolutive appeal. The case is stated on the motion to dismiss, as follows:

"Mariano Cortez sued Katie Duffy Cortez, his wife, for a divorce, alleging that they had been living apart for more than seven years. Act No. 269 of 1916.

Defendant denied the separation averred in the petition; and reconvened for a divorce in her favor, grounding her action on the alleged adultery of her husband.

"An exception of no cause of action urged by way of objection to evidence on the trial of the case was sustained by the court below and the main demand was dismissed as in case of nonsuit. The trial was then proceeded with on the reconventional demand, resulting, also, in the dismissal of that demand as in the case of nonsuit." Cortez v. Cortez, 175 La. 179, 143 So. 41, 42.

Plaintiff now files a second motion to dismiss the appeal and also a plea of res judicata, the latter, apparently, as an alternative

plea. Both the motion and the plea rest upon the ground that since the first motion to dismiss was decided, plaintiff instituted a second suit for divorce on the same ground that the first suit rests upon, and obtained a final judgment of divorce. Plaintiff has attached to one of the pleas a certified copy of the judgment, showing that a judgment was signed on March 27, 1933, forever dissolving the bonds of matrimony existing between plaintiff and defendant, and awarding the custody of the child, born of the marriage, to defendant.

The theory on which the motion to dismiss is grounded is that, a final judgment having been pronounced and signed in the case, this terminates the litigation now pending between the parties, and there remains nothing to adjudge on this appeal. The theory upon which the plea of res adjudicata rests is that the marriage having been finally dissolved in another suit below, the question of divorce may not be inquired into any longer.

The case should be remanded to the lower court to permit the introduction in evidence of the judgment relied on as well as to permit the introduction of the pleadings and citation on which it rests, and the minutes of court, to the end that this court may pass upon the motion and plea; the record, as thus made up, to be returned to this court, on this appeal, without the rendition of judgment below, including such legal evidence, if any, that defendant may desire to offer.

The case is remanded to the lower court for the purpose stated in the preceding paragraph, and, after these directions are com-

plied with, the record is ordered returned to this court on the present appeal.

O'NIELL, C. J., absent.